Mr Justice Johnson
 

 delivered-the opinion of the Có'ürt.
 

 This cause has its origin in the-great case of Pratt, Fran-. cis etal., which appeared'in this Court some yeats ago with the formidable bulk of nine, hundred foliosd The rights of the parties had become exceedingly perplexed in the progress of large afld multifarious transactions, originating in the speculations of Morris, Nicholson & Greenle’af, in the land of this city. Thomas Law held a mortgage of thirty-six, squares from. Morris, Nicholson &-Greenleaf, and fourteen of the same squares were mortgagéd by them to one Duneanson. Campbell acquired the equity of redemption of Morris, Nicholson, &. Greenleafy in thirty-two of the thirfy-six squares, the four others not being included, in Duncan-son’s mortgage. The equity of redemption in these four squares has passed by assignment- to present appellees, in .right of Morris, Nicholson & Greenleaf. Thirteen of the
 
 *356
 
 squares included in Duncanson’s mortgage were among the thirty-two in which Campbell had possessed himself of Morris, Nicholson & Greenleaf’s equity of redemption; and his constant efforts have been to reduce the sum due.on Law’s mortgage, to put aside that of Duncanson, as a satisfied in-cumbrance, and to obtain a precedence to Morris, Nicholson
 
 &
 
 Greenleaf’s equity, in the four remaining, squares.
 

 This Court, established 'the principles on which the sum to be raised to satisfy Law’s mortgage should be ascertained; decided against any precedence in Campbell, as a joint holder of the equity Of redemption ; and sustained Duncanson’s mortgage, in favour of a prior equity which Greenleaf held in it. So that in effect, the cause went down to the circuit court for the sole purpose of having a salé of the squares effected; the proceeds applied, first to páy off La"w’s mortgage,, then Greenleaf’s interest in Duricanson’s mortgage, and the balance only, if any, to go to the equity of rederiiptiori. • Substantially, this has,not. been done; for we now find the two squares, which form the subject of the present controversy, in the hands of Pratt et al. the appellees, which could only be in the right of Morris, Nicholson & Greenleaf’s equity of redemption; whereas'Duncanson’s mortgage; to a large amount, remains unsatisfied; and. Campbell, with eight-ninths óf the equity of redemption, in him, has received nothing.
 

 If then the appellees should be confirmed in the possession of those squares,' it is obvious that Campbell would have much to complain of; since his equity of redemption in the other thirty-two squares had been, in effect, applied to the extinction of a common incumbrance. This-would serve him at equity in eight-ninths of these two squares.
 

 But this is a mere delusion, since the holders of the equity of redemption could, rightfully receive nothing until the mortgages were both paid off. This was certainly the case with Morris, Nicholson, & Greenleaf; and this Court has been constantly inculcating that Campbell, stood precisely in their shoes, and was entitled to no higher fequity.
 

 . All the obscurity in which the case is involved, and which has seemed so long to keep both parties from approaching
 
 *357
 
 it, arises. from an error committed below, probably by the commissioner, in selling the doubly incumbered squares Before those singly incumbered were disposed of; the consequence of which is, that thesq squares, which were not in Duncanson’s mortgage, remain unsold, becausé the salé of the thirty-four satisfied Law’s mortgage; whereas, by beginning with the sale of those singly incumbered, two squares (supposing the value to be the sarpe) would have remained, to be applied to the payment of Greenleaf’s interest in Duncanson’s mortgage.
 

 But there is nothing in this for Campbell to complain of; since aftgr applying the proceeds of these squares to the payment of'the second mortgage, it still remains unsatisfied tcj a great, amount, and leaves Campbell nothing to receive in right of his equity of redemption.
 

 The decree of the court below, as ,against this appellant, will be affirmed.
 

 . .This cause came on to be heard on the transcript of the record, from the circuit court of the United States for the district of Columbia, holden in and fqr the county of Washington; and was argued by counsel; on consideration whereof, it is considered^ ordered, and decreed by this Court? that the decree of the said circuit court, in this .cause be," and the same is hereby affirmed with costs.