## RICE et al. v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. January 27, 1893.)

### No. 162.

1. CUSTOMS DUTIES—HEMSTITCHED COTTON HANDKERCHIEFS.

Imitation hemstitched cotton handkerchiefs are dutiable at 50 per cent. ad valorem, as "handkerchiefs composed of cotton," under paragraph 349, Schedule I, of the tariff act of 1890, and not at 60 per cent. ad valorem, as "embroidered and hemstitched handkerchiefs," under paragraph 373, Schedule J.

2. STATUTES—CONSTRUCTION—CUSTOMS DUTIES.

Revenue statutes, including those fixing duties on imports, are neither remedial laws nor laws founded upon any permanent public policy, and should be construed most strongly against the government; for burdens should not be imposed on the taxpayer, beyond what such statutes expressly and clearly import. U. S. v. Wigglesworth, 2 Story, 369, and Net & Twine Co. v. Worthington, 12 Sup. Ct. Rep. 55, 141 U. S. 474, followed.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

Proceeding by Rice, Stix & Co. to review a decision of the board of general appraisers affirming the decision of the surveyor of the port of St. Louis in assessing "imitation hemstitched cotton handkerchiefs" at 60 per cent. ad valorem, under paragraph 373, Schedule J, of the tariff act of 1890. The circuit court affirmed the decision of the board of appraisers. The importers appeal. Reversed.

Statement by CALDWELL, Circuit Judge:

The appellants imported goods invoiced and entered as "imitation hemstitched cotton handkerchiefs." The invoice and entry described the goods correctly, and they were assessed for duty at 60 per cent. ad valorem, as "hemstitched handkerchiefs," under paragraph 373, Schedule J, of the tariff act of 1890, which reads as follows: "Laces, edgings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, and other similar tamboured articles, and articles embroidered by hand or machinery, embroidered and hemstitched handkerchiefs, and articles made wholly or in part of lace, rufflings, tuckings, or ruchings, all of the above-named articles, composed of flax, jute, cotton, or other vegetable fiber, or of which these substances, or either of them, or a mixture of any of them, is the component material of chief value, not specially provided for in this act, sixty per cent. ad valorem: provided, that articles of wearing apparel, and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

Appellants duly protested against such assessment, and claimed the goods should be assessed for duty under paragraph 349, Schedule I, at 50 per cent. ad valorem, as "handkerchiefs composed of cotton," which paragraph reads as follows: "Clothing, ready made, and articles of wearing apparel of every description, handkerchiefs, and neckties or neckwear, composed of cotton or other vegetable fiber, or of which cotton or other vegetable is the component material of chief value, made up or manufactured wholly or in part by the tailor, seamstress, or manufacturer, all of the foregoing not specially provided for in this act, fifty per cent. ad valorem."

The protest of appellants was heard by the board of general appraisers, which affirmed the decision of the surveyor of the port, and this decision of the board was affirmed by the court below, and the importers appealed.

Clinton Rowell and Franklin Ferriss, for appellants.

George D. Reynolds, U. S. Atty.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge, (after stating the facts.) The case turns upon the question whether these handkerchiefs are dutiable under paragraph 349, under the general designation, "handkerchiefs composed of cotton," or under the more specific designation contained in paragraph 373, "embroidered and hemstitched handkerchiefs." The learned counsel for the appellants concede that if the latter phrase applies to handkerchiefs which are hemstitched, but not embroidered, then the designation in paragraph 373, being more specific, must prevail.

This paragraph of the statute must be interpreted in the light of the familiar and well-settled rules for the interpretation of statutes, and particularly of statutes of this character. The paragraph is not obscurely or dubiously worded. The primary rule for the interpretation of a statute requires that it shall be interpreted according to the grammatical sense of the words in which the statute is expressed. That, so construed, the phrase "embroidered and hemstitched handkerchiefs" applies to handkerchiefs, only, which are both embroidered and hemstitched, cannot be gainsaid. We do not understand the learned counsel for the government to controvert this proposition. He disclaims in his brief that the word "and" in the phrase "embroidered and hemstitched handkerchiefs" should be read "or," and says no such contention has been, or will be, made by the government in this case. The contention of the government, stated in the language of its counsel, is that "the words 'embroidered and hemstitched handkerchiefs,' in paragraph 373, are to be construed distributively as trade names, * * *" and "should be read as though written 'embroidered [trade name] and hemstitched [trade name] handkerchiefs,' and the words inserted here in brackets are as strongly implied, under the evidence and the decisions applicable in this case, as if they had been in fact inserted."

There is nothing in the evidence, as to how the goods are designated by trade usage, which throws any light on the question. Appellants claim that the testimony largely preponderates in their favor on this point, while the government contends that the testimony establishes its claim that both classes of handkerchiefs are known in the trade as "hemstitched." But the testimony is too conflicting and vague on this point to furnish any basis for the interpretation of the statute, and the case must be decided without any reference to trade names or usage, which is frequently an index to the proper interpretation of statutes of this character. To give the effect to this phrase contended for by the government, we must either change the word "and" to "or," or add words which would have the effect to compel the word "and" to be read and taken disjunctively and disstributively. This is sometimes done, but, when it is, the reason for so doing must be very cogent. The intention of congress to make a rule different from that which the words of the act plainly express must be extremely clear.

Congress is presumed to have used the appropriate words to convey its meaning, and when these words are not of doubtful mean-

ing the court must give them effect. It cannot substitute, for the clear expressions which congress has actually used, other expressions, which the court think congress ought to have used. Undoubtedly "and" is not always to be taken conjunctively. It is sometimes read as if it were "or," and taken disjunctively and distributively, but this is only done where that reading is necessary to give effect to the intention of the legislature, as plainly expressed in other parts of the act, or deducible therefrom. In a case of doubtful construction "and" would probably be used disjunctively, to prevent the imposition of pains and penalties, but it would not be so used for the purpose of imposing them; and so, in a doubtful case, it will not be used disjunctively for the purpose of imposing a tax or charge upon the citizen.

The rule for the construction of statutes levying taxes or duties on the citizen is laid down by Lord Cairns, in delivering the judgment of the house of lords, (Partington v. Attorney General, L. R. 4 H. L. 100, 122,) in this language:

"As I understand the principle of all fiscal legislation, it is this: If the person sought to be taxed comes within the letter of the law, he must be taxed, however great the hardship may appear to the judicial mind to be. On the other hand, if the crown, seeking to recover the tax, cannot bring the subject within the letter of the law, the subject is free, however apparently within the spirit of the law the case might otherwise appear to be. In other words, if there be admissible in any statute what is called an ' equitable construction,' certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute."

Judge Story says:

"It is a general rule, in the interpretation of all statutes levying taxes or duties upon subjects or citizens, not to extend their provisions by implication beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specially pointed out, although standing upon a close analogy. In every case, therefore, of doubt, such statutes are construed most strongly against the government, and in favor of the subjects or citizens, because burdens are not to be imposed, nor presumed to be imposed, beyond what the statutes expressly and clearly import. Revenue statutes are in no just sense either remedial laws, or laws founded upon any permanent public policy, and therefore are not to be liberally construed." U. S. v. Wigglesworth, 2 Story, 369.

And this is the uniform doctrine of the authorities. Net & Twine Co. v. Worthington, 141 U. S. 474, 12 Sup. Ct. Rep. 55; U. S. v. Isham, 17 Wall. 496; Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. Rep. 1240; Powers v. Barney, 5 Blatchf. 202; Dean v. Charlton, 27 Wis. 526; Suth. St. Const. 461, 462; Cooley, Tax'n, (2d Ed.) 266; Dwar. St. p. 749.

It is worthy of remark that the handkerchiefs in question are not even genuine hemstitched handkerchiefs, but only cheap imitations thereof. However, if they are known in the trade as hemstitched, as they probably are, the fact that they are mere imitations would make no difference. But, conceding them to be hemstitched handkerchiefs, they are without the embroidery essential to bring them within the provisions of paragraph 373. We think that both hemmed and hemstitched handkerchiefs come in as "handkerchiefs" under paragraph 349, and that it is only when they are hemstitched and also

embroidered that they are required to pay the rate of duty provided for embroideries in paragraph 373.

After this case was decided by the lower court, the same question arose in New York, (In re Gribbon, No. 359;) and Circuit Judge Lacombe, in a well-considered opinion, in the reasoning of which we fully concur, held "that the hemstitched handkerchiefs which have no embroidery upon them should be classified for duty under the provision of handkerchiefs in paragraph 349." The opinion of the learned judge has not yet found its way into the Reports, but, through the diligence of counsel, we have been favored with an authentic copy. [Reported in 53 Fed. Rep. 78.]

The judgment of the court below is reversed.