## In re GRIBBON.

(Circuit Court of Appeals, Second Circuit. May 23, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—HANDKERCHIEFS.

Under the tariff act of October 1, 1890, par. 373, imposing a duty of 60 per cent. ad valorem upon the goods therein enumerated, the provision for "embroidered and hemstitched handkerchiefs" covers only handkerchiefs which are both embroidered and hemstitched, and these words cannot be taken distributively, so as to include handkerchiefs which are embroidered only, or hemstitched only. 53 Fed. Rep. 78, affirmed.

Appeal from the Circuit Court of the United States for the Southern Division of New York.

This was an application by William Gribbon to review a decision of the board of general appraisers affirming the action of the collector of the port of New York in the classification for duty of certain imported handkerchiefs. The court below reversed the decision of the board, (53 Fed. Rep. 78,) and the collector appeals. Affirmed.

The goods in question consisted—First, of handkerchiefs with a hemstitched border; second, of handkerchiefs embroidered or scalloped on the edge, and not hemstitched; and, third, of handkerchiefs with a hemstitched border, and embroidered, either with initial letters, or with figures worked by hand or machinery. The collector assessed them all at 60 per cent. ad valorem, under paragraph 373 of the tariff act of October 1, 1890. This paragraph reads as follows:

"373. Laces, edgings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, and other similar tamboured articles, and articles embroidered by hand or machinery, embroidered and hemstitched handkerchiefs, and articles made wholly or in part of lace, rufflings, tuckings, or ruchings, all of the above-named articles composed of flax, jute, cotton, or other vegetable fiber, or of which these substances, or either of them, is the component material of chief value, not specially provided for in this act, sixty per centum ad valorem: provided, that articles of wearing apparel and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed."

The board of general appraisers held that the provision for "embroidered and hemstitched handkerchiefs" should be understood distributively, the copulative "and" being read "or," so that the clause should apply to handkerchiefs which were hemstitched only, and those which were embroidered only, as well as to those which were both hemstitched and embroidered. The circuit court, however, held that this clause could not be so read, and that the expression "embroidered and hemstitched handkerchiefs" could include only handkerchiefs which were both embroidered and hemstitched. The court further held that those handkerchiefs which were embroidered, only, should be classified under the further provision of paragraph 373 for "textile fabrics" which have been embroidered by hand or machinery, and must therefore pay the same rate of duty that is paid by embroideries of the material of which they are composed; and, as these handkerchiefs were of cotton, they should, under this provision, pay the same duty, viz. 60 per cent. ad valorem. As to handkerchiefs which were hemstitched, and not embroidered, the circuit court held that they were dutiable at 50 per cent. ad valorem, under paragraph 349, simply as "handkerchiefs."

Jas. I. Van Rennsalaer, Asst. U. S. Atty., for appellant.
W. Wickham Smith, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. We agree with the circuit court whose judgment is now under review, and with the circuit court of appeals for the eighth circuit, that only those handkerchiefs which are both embroidered and hemstitched are subject to the duty of 60 per centum ad valorem imposed by paragraph 373 of Schedule J of the act of October 1, 1890.

In affirming the judgment it is not to be taken that we concur in the opinion of the circuit court that the embroidered handkerchiefs which are not hemstitched are, by the proviso of paragraph

373, dutiable as embroidered "textile fabrics." It would seem that they are manufactured articles advanced beyond and outside of the category of textile fabrics, and, like hemstitched handkerchiefs, are dutiable under paragraph 349, as handkerchiefs. We do not decide this proposition definitely, however, because the case is here upon an appeal by the collector only. The importer, not having appealed, can only be heard in support of the decision below. Chittenden v. Brewster, 2 Wall. 191; Alviso v. U. S., 8 Wall. 337; The Stephen Morgan, 94 U. S. 599; Louden v. District, 104 U. S. 771. And, if an error has been committed by the court below, it was to the advantage of the collector, and furnishes him no ground of complaint. Campbell's Ex'rs v. Pratt, 2 Pet. 354; Tilden v. Blair, 21 Wall. 241; Bethell v. Mathews, 13 Wall. 1. The judgment is affirmed.