## In re Grading, Paving and Curbing Wick Street. Appeal of the City of Pittsburg.

*Road law—Assessment of benefits—Re-establishment of grade.*

Where a city, during the progress of the work of paving a street under a proper municipal contract, regrades it and erects an expensive wall and embankment in it for the purpose of giving access to certain private property not on the line of the street, the owners of abutting property cannot be compelled to pay the cost and damages occasioned by such erection.

Argued Oct. 28, 1897. Appeal, No. 110, Oct. T., 1897, by the City of Pittsburg, from order of C. P. No. 3, Allegheny Co., Feb., T. 1896, No. 711, sustaining exceptions to report of viewers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in sustaining exceptions to report of viewers.

*T. D. Carnahan*, with him *Clarence Burleigh*, for appellant.—The assessment of benefits was improperly set aside: McKnight v. Pittsburg, 91 Pa. 273; Phila. v. Hays, 93 Pa. 72; Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Shiloh St., 165 Pa. 386.

A city is under no duty to landowners to define its future policy in regard to opening streets, and to indicate with certainty the grade at which they will be opened when the time for opening comes: Brill v. Phila., 167 Pa. 1; Mayor v. Randolph, 4 W. & S. 514.

Whatever is necessary to the improvement is properly included in its cost, and can be assessed: Marshall v. Com., 59 Pa. 455; Dewhurst v. Allegheny, 95 Pa. 437.

*J. M. Shields* and *S. A. Will*, with them *Lev. McQuistion*, for appellees.—Courts ought not to surrender all power of review, but should exercise that power where it clearly appears there

has been an abuse of discretion: Elliott on Roads and Streets, 375; Hague v. Phila., 48 Pa. 529.

The court can set aside a local assessment for a street improvement, where fraud, oppression or manifest mistake are apparent: Beach on Public Corp., sec. 1177; Washington Ave., 69 Pa. 352; Seely v. Pittsburg, 82 Pa. 360; Thomas v. Gain, 35 Mich. 163; Massing v. Ames, 38 Wis. 285; Pound v. Chippewa Co., 43 Wis. 63; Dillon on Municipal Corp., sec. 769; Henderson v. Lambert, 14 Bush. 24.

PER CURIAM, January 3, 1898:

This appeal is from the decree of the common pleas sustaining appellees' exceptions to the report of the viewers and setting aside the assessment for benefits, etc.

The proceedings were commenced by petition to the select and common councils of Pittsburg, signed by the appellees and others constituting "a majority of property owners in interest and number abutting on Wick street between Caldwell street and Dinwiddie street;" praying for the passage of "an ordinance authorizing the grading, paving and curbing of the above named Wick street between the points named." In accordance with this petition the ordinance was passed June 12, 1893, and on March 24, following, the grade of that portion of Wick street was established by ordinance.

After the contract was awarded and a considerable portion of the work done the ordinance of February 2, 1895, was passed, materially changing the grade as to part of the street. This does not appear to have been done for the purpose of correcting any error in the grade as previously established, or otherwise improving the street, but for the benefit of private property not on the line of the street. The character of this re-established grade and its pernicious effects are very apparent. It necessitated the erection of a stone wall in the center of Wick street, beginning on the southern line of Diana alley and extending northerly about 130 feet, rising in height from about two feet at one end to nine feet at the other. That portion of the 40 feet wide street was thus divided into two alleyways, each eleven feet wide from the wall to the curb, and each constructed at a different grade, so that at one end of the section the retaining wall in the center of the street was from nine to ten feet high,

and at the other about two feet; referring to this wall the viewers in their report say: "The stone wall at the corner of Wick street and Diana Alley was not essential to the construction of the street, but was erected along the middle of the street, dividing the same at that point . . . . into two alley ways . . . . for the purpose of giving access, by way of Diana Alley to certain private property."

Without considering in detail the character or legality of the so-called improvement, resulting from the re-established double grade of part of the street, or the nature or extent of the damages and assessments for supposed benefits, it is enough to say that the cost and damages occasioned by an expensive wall and embankment erected in the street "for the purpose of giving access to certain private property" cannot be assessed against private property abutting thereon; and for this reason, if for no other, the court wisely exercised the discretion with which it is invested in such cases, by sustaining the exceptions and setting aside the assessment of benefits. There is nothing in the case that requires further comment.

Decree affirmed and appeal dismissed at the costs of appellant.