FIELD et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. November 22, 1898.)

No. 504.

1. CUSTOMS DUTIES—CONSTRUCTION OF LAW—COMMERCIAL DESIGNATION.
    To constitute a commercial or trade designation, as contradistinguished from a descriptive term, the words, it would seem, must be used in commerce in an unvarying or stereotyped order.[1]
2. SAME—CLASSIFICATION—EMBROIDERED HANDKERCHIEFS.
    Embroidered handkerchiefs, although both hemstitched and embroidered, are dutiable under paragraph 276 of the tariff law of 1894, as "embroidered handkerchiefs"; such words being descriptive, and not a trade-name.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

This is an appeal from a decree of the circuit court affirming a decision of the board of general appraisers as to the classification of certain imported merchandise.

J. M. Barnes, for appellants.

John C. Black, for the United States.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The question here, as in the case of Carson v. Nixon, 90 Fed. 409, is whether, under the act of August 28, 1894, certain imported handkerchiefs, which were both hemstitched and embroidered, were dutiable at 50 per cent. ad valorem, according to paragraph 276, as "embroidered handkerchiefs," or 40 per cent. ad valorem, according to paragraph 258, as "handkerchiefs not specially provided for in this act." The testimony in this record was given in the main by other witnesses than those examined in the case of Carson v. Nixon, supra, and in important particulars is not the same as in that

---

[1] As to use of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

case; but it was conceded at the argument that the cases were heard together by the board of general appraisers, and that the testimony in both cases was considered by that board in determining each. After the appeals to the circuit court had been docketed, additional and distinct testimony was taken in each case; and it is now contended in behalf of the appellants that this appeal must be determined upon the record before us, without reference to the testimony in the other case. In view of the admission that there was evidence before the board of general appraisers which is not presented, it is not clear that the appeal ought not to be dismissed on that ground, especially since there is no certificate of evidence in the record, and the certificate of the clerk is simply that the transcript "is a true and complete transcript of the record of the proceedings had" in the circuit court; but, passing that question, we are of opinion that on the evidence before us the decree below should be affirmed.

The question for decision is whether the words "embroidered handkerchiefs," as used in paragraph 276 of the act of 1894, are descriptive. or constitute a trade-name, according to the rule defined by the supreme court in Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588, and quoted in Carson v. Nixon, supra. There is in this record much testimony to the effect that a handkerchief which is hemmed only is known commercially and is invoiced as a "hemmed handkerchief," one which is hemstitched only as a "hemstitched handkerchief," and one which is both hemstitched and embroidered as a "hemstitched and embroidered handkerchief"; though in respect to the last the witnesses have used the words interchangeably, and evidently in a descriptive sense, sometimes saying "hemstitched and embroidered," and sometimes "embroidered and hemstitched." To constitute a name or designation, as contradistinguished from description, the words, it would seem, should be used in an unvarying or stereotyped order. No witness has professed to know or has testified that there is a particular make of handkerchiefs, which generally throughout the United States is known commercially as an "embroidered handkerchief," which does not include embroidered handkerchiefs which are also hemmed or hemstitched or scalloped. Indeed, the contention in this case is that the "embroidered handkerchief" is scalloped, and not one which is hemmed, as was contended and testified in Carson v. Nixon. While we are not to import the testimony of that case into this, yet, with the knowledge of it fresh in mind, we are justified in looking critically into the testimony presented, and in refusing to regard it as establishing inferentially something which is not directly stated, and which, if stated, would be inconsistent with the proof made in the other case.

It may be conceded, as asserted, that "in the testimony taken at New York nearly every witness stated that handkerchiefs invoiced as embroidered or scalloped never included those which were both hemstitched and embroidered." That was true by the conjunctive force of the latter words, without regard to the question whether they constituted a trade-name. It was so declared by the courts in a number of cases. Rice v. U. S., 10 U. S. App. 670, 4 C. C. A. 104, 53 Fed. 910; U. S. v. Gribbon, 14 U. S. App. 382, 5 C. C. A. 287,

55 Fed. 874; Wilson v. U. S.; 9 U. S. App. 674, 6 C. C. A. 310, 57 Fed. 199. But the further assertion that "several witnesses stated that the word 'embroidered' was a trade-name" is not fully borne out by the portions of the record to which reference has been made. To the question, "Is there any difference between what is commercially known as a 'hemstitched and embroidered handkerchief' and what is known as an 'embroidered handkerchief'?" the witness answered, "Yes, sir; an embroidered handkerchief is a separate and distinct kind of handkerchief, as shown by the testimony of the principal importers at New York, as stated in the decision." It will be observed that in the second clause of the question the words "what is known" are repeated, but the word "commercially," found in the first clause, is omitted; and the answer, therefore, if given intelligently and discriminatingly, attributes no commercial significance to the words "an embroidered handkerchief." To the question whether handkerchiefs specified in an entry as "initials hemstitched and embroidered handkerchiefs scalloped embroidered linen" (without punctuation) were known in trade and commerce by the designations so written, a witness answered, "Yes;" and to the further question whether articles "specified as embroidered and scalloped handkerchiefs are those known as embroidered and hemstitched," he answered, "No." Another witness testified that, upon an order for "an embroidered handkerchief," he would send a scalloped handkerchief like the sample shown him, which he said was "simply a plain handkerchief embroidered at the edges," in the manufacture of which "there was no additional process." The only other witness whose testimony is cited on this point, referring to the same sample, said, "That is what we term an embroidered handkerchief," and would send in response to "an order for an embroidered handkerchief." The record shows, in the examination of another witness, the following questions and answers: "Do you import imitation hemstitched and embroidered handkerchiefs? A. We do. Q. How are they known in the trade? A. As 'embroidered handkerchiefs.' Q. As 'embroidered and hemstitched'? A. Yes, sir; I usually call them that." To help out the evidence adduced, which in itself is evidently insufficient, reference is made to the statement found in the opinion of the court in U. S. v. Gribbon, supra, that the "proofs also showed * * * that handkerchiefs which were embroidered only were likewise a standard article at that time"; and it is asked, "Ought not this finding to have great weight in the determination of the present question?" If it ought, then reference may also be made to the opinion of this court in Carson v. Nixon; and, on the conflicting evidence in the two cases, it is clear that the word "embroidered," as applied to handkerchiefs, has no settled significance as a trade-name. In Chicago it is a very cheap hemmed handkerchief, while in New York it is a scalloped handkerchief. The word must therefore have been used by congress in its ordinary, descriptive sense. The decree below is affirmed.