### RUDOLPH et al. v. KNOX et al.

(Court of Appeals of District of Columbia. Submitted April 7, 1922. Decided May 1, 1922.)

.No. 3737.

1. **District of Columbia &#x2245;16—Act of 1914 did not authorize macadamizing country roadway; "fixed pavement."**

Within Act July 21, 1914, authorizing an assessment for the improvement of the roadway of any street by laying a new pavement not less than one square in extent from curb to curb, where the material used is fixed pavement, the term "fixed pavement" does not include common or water-bound macadam, and the reference to the square and the curbs applies to a city or village street, and not to a country road, so that the act does not authorize an assessment for macadamizing a country road.

2. **District of Columbia &#x2245;16—Act of 1916 is limited to "streets," and does not authorize paving country road.**

Act Sept. 1, 1916, § 8, authorizing levy of assessments for the cost of paving a roadway with macadam or other pavement against the property abutting the side of the street so improved, and providing that only the cost of the roadway abutting the property between the lines normally projecting from the building line at intersecting streets is limited to "streets," which are defined as public ways in a city, town, or village, and does not authorize a levy of the cost of improving a country road against farm property abutting thereon.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Street.]

3. **Statutes &#x2245;245—Levying taxes are strictly construed.**

Statutes levying taxes are to be strictly construed, and their provisions are not to be extended by implication beyond the clear import of the language used.

Appeal from the Supreme Court of the District of Columbia.

Suit by Anna M. Knox and others against Cuno H. Rudolph and others, as Commissioners of the District of Columbia, and the District of Columbia, to cancel a special assessment. Decree for plaintiffs, and defendants appeal. Affirmed.

F. H. Stephens, of Washington, D. C., for appellants.

Vernon E. West, of Washington, D. C., for appellees.

SMYTH, Chief Justice. This is an appeal from a decree canceling a special assessment levied by the appellants on the property of the appellees for paving a roadway in front of their property with what is designated as common macadam.

There is an agreed statement of facts which shows that the property lies in a rural section of the District of Columbia, and that it abuts on what is known as Naylor road; that it consists of a farm of a little over 56 acres; that it is rough, broken, hilly, and cut by deep ravines, and is not fit for any other purpose than that of pasturing and farming;

---

&#x2245;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it is valued at about $11,300, and that the assessment amounts to $2,199.53; that the land extends along the road 2,660 feet; that Naylor road is an old highway, having been in existence for over 30 years, connects the District line with an important Maryland state highway, and is about 90 feet wide; and that the macadamized surface covers a width of 18 feet, 9 feet on each side of the longitudinal center of the road, thus leaving about 35 feet between the macadam and the property line.

Congress by Act of July 21, 1914, said:

"Hereafter whenever under appropriations made by Congress, the roadway of any street, avenue, or road in the District of Columbia is improved by laying a new pavement thereon or completely resurfacing the same, not less than one square in extent, from curb to curb, or from gutter to gutter where no curb exists, where the material used is * * * asphaltic or bituminous macadam, concrete, or other fixed roadway pavement, such proportion of the total cost of the work * * * shall be levied pro rata according to the linear frontage of said property on the street, avenue, or road, or portion thereof upon the roadway of which said new pavement or resurfacing is laid." 38 Stat. 517, 524.

The agreed statement of facts admits that the Board of Commissioners and the District construed this act as not authorizing the levy of an assessment for laying common or water-bound macadam pavements. In 1916 Congress passed another act (39 Stat. 676, 716), which provides in section 8:

"That hereafter the half cost of the paving or repaving of a roadway between the side thereof and the center thereof with sheet asphalt, * * * macadam, or other form of pavement shall be assessed against the property abutting the side of the street so improved," and that "there shall be included in the area the cost of which is assessable hereunder only the roadway area abutting the property between lines normally projected from the building line of the street being improved at the points of intersection with the building lines of intersecting streets."

The question for our consideration is whether or not these acts, or either of them, authorized the levy of the assessment assailed.

[1] It will be noticed that the first act dealt with a "fixed" pavement, and that the pavement for which the assessment was levied is a common or water-bound macadam, which, it seems to be conceded, is not such a pavement. This, we infer, is the reason why the District and the commissioners felt that the act of 1914 did not authorize the laying of such a macadam. Besides, the act says the pavement shall be laid "not less than one square in extent from curb to curb or from gutter to gutter." This language applies to a city or village street, not to a country road, for it is unusual to speak of squares or curbs when referring to a road of that character.

[2] The act of 1916 does not have the word "road"; it authorizes "the paving or repaving of a roadway between the side thereof and the center thereof" with certain kinds of paving material, and provides that one-half the cost of doing the work "shall be assessed against the property abutting the side of the street so improved." When further speaking of the property to be assessed, the act mentions "lines normally projected from the building line of the street being improved at the points of intersection with the building lines of intersecting streets."

Generally, building lines and intersecting streets have nothing to do with rural roads.

We are convinced that, when Congress employed the words and phrases we have quoted, it was thinking of streets in a city or village. A street is defined as a "public way, with buildings on one or both sides, in a city, town, or village" (Standard Dictionary); as "a public thoroughfare or highway in a city or village" (Bouvier); and it has been adjudged that the words "streets" and "alleys" relate exclusively to ways or thoroughfares of towns and cities (Debolt v. Carter, 31 Ind. 355, 367). Consult, also, State v. Stevens, 36 N. H. 59, 62; United States v. Bain, 24 Fed. Cas. 940, No. 14496.

[3] It is a familiar principle that statutes levying taxes are to be strictly construed. The Supreme Court of the United States has said:

"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen." Gould v. Gould, 245 U. S. 151, 153, 38 Sup. Ct. 53 (62 L. Ed. 211), in which several cases are cited.

To the same effect, see Allman v. District of Columbia, 3 App. D. C. 8, and 25 R. C. L. 94.

Applying the doctrine of the Gould Case to the two acts before us, we are convinced that the assessment in question was levied without authority. This renders it unnecessary to consider any of the other questions raised.

The decree is affirmed, with costs.

Affirmed.