**CONVERSE et al. v. NORTHERN PAC. RY. CO. et al.**

(Circuit Court of Appeals, Eighth Circuit. December 11, 1924.)

No. 6604.

**1. Courts ⬧107—Supreme Court's construction of words "within the state," in state taxing statute affecting business of carrier crossing state line, not always followed in construing other statutes.**

Supreme Court's construction of words "within the state," as used in state taxing statute affecting business of carrier crossing state line, as meaning purely intrastate business is not to be applied always to similar state statutes, but they must be construed in accordance with legislative intent in enacting the particular statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Within the State.]

**2. Taxation ⬧57—No property subject to taxation, unless legislative intent to tax clearly manifested.**

No property is subject to taxation. unless legislative intent to tax it is clearly manifested and state taxing officers have no right to include property not clearly covered thereby.

**3. Statutes ⬧245—That failure to tax interstate income of railroad under revenue statute inequitable cannot be considered in construing statute.**

That it would be inequitable to permit carrier's income from interstate business to escape taxation under state statute, when all other income is taxed, cannot be considered in construing revenue statute, when effect thereof would be to include property not clearly within language of act.

**4. Taxation ⬧54 — Not inequitable to tax income of carrier earned partly within state, without taxing part of income earned partly within and partly without state.**

It would not be inequitable for state to tax income of carrier from purely intrastate business, and not tax that part of income earned partly within and partly without state.

**5. Statutes ⬧219—Rule that executive departments' interpretation of statutes, given weight in construing statute, cannot override other rule of construction.**

Rule that interpretation of executive departments of acts administered by them has weight in construing statute cannot operate to extent of overriding rule of construction that inclusion of person or thing taxed must be clearly expressed.

**6. Taxation ⬧104—North Dakota statute taxing income of railroads "within the state" held applicable to purely intrastate business only.**

Laws N. D. 1919, c. 224, §§ 10, 27, taxing income of railroads "within the state," held applicable to purely intrastate business only, and not to interstate business coming into state.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Suit by the Northern Pacific Railway Company and another against C. C. Converse and others. Decree for plaintiffs, and defendants appeal. Affirmed.

John Thorpe, of Bismarck, N. D. (George F. Shafer and Gordon Cox, both of Bismarck, N. D., on the brief), for appellants.

Charles W. Bunn, of St. Paul, Minn. (M. L. Countryman, of St. Paul, Minn., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and FARIS, District Judge.

STONE, Circuit Judge. This is an appeal by certain taxing officers of the state of North Dakota from a permanent injunction restraining them from collecting income taxes against appellees, the Northern Pacific Railway Company and the Great Northern Railway Company. The taxes in question are those levied for the year 1922.

The sole question involved in this appeal is that of the proper construction of the income statute of North Dakota. This statute was enacted in 1919 (chapter 224, Laws of N. D. 1919) and has been amended in certain details, not here important. The dispute here is over what part of the income of appellee the statute is intended to apply. The contention of the state is that the tax applies to the net income from all business of the complainants which touches the state, including purely intrastate and also that portion of the inter state business which originates in, terminates in or passes through the state. The contention of the railway company is that the tax applies only to the purely intrastate business. The argument, as here presented, hinges upon whether the expression "within the state," as used in sections 10 and 27 of the statute, includes interstate commerce which comes inside the state.

[1] The trial court did not attempt to construe this law as an independent proposition but held that the words "within the state" had been construed by the Supreme Court to mean purely intrastate business when used in a taxing statute very similar to the one now under consideration. Pacific Express Co. v. Seibert, 142 U. S. 339, 12 S. Ct. 250, 35 L. Ed. 1035. We are unable to agree with the trial court that the above phraseology, when used in a taxing statute affecting the business of a carrier crossing the state line, must always be given the meaning which the Supreme Court gave it in the above case. Obviously, the words themselves may mean either purely intrastate business or intra and interstate business which comes within the state. Therefore, whenever such terms are used in a statute, they must be construed in accordance with the intention of the Legislature in enacting

the particular statute. Hence, we must construe the meaning of these words as used in this statute.

The state urges that its contention is supported by a consideration (1) of the phraseology of the act; (2) by the purpose of the act; (3) by equitable considerations; (4) by the construction given the act by administrative officers of the state.

## I.

We have carefully studied this entire act and have noted every use in the act of the expression "within the state." This expression is found in sections 2, 3, 6, 7, 10, 12, 17 and 27. The expression "without the state" is found in sections 6, 7, 10, 12 and 27. After endeavoring carefully to consider the language of the act as a whole, the particular phraseology of sections 6, 10 and 27, and the above quoted expressions in the connections used in other parts of the act, we are unable to determine the legislative meaning from the language used and are forced to turn to matters outside the act for a solution of the difficulty.

## II.

[2] As suggested by counsel for appellants, we think the purpose of the act, as being a revenue measure, should be considered. However, that does not aid appellants. It is the unbroken rule of the federal courts that no property is subject to taxation unless the legislative intent to tax it is clearly made manifest. Smietanka v. Bank, 257 U. S. 602, 606, 42 S. Ct. 223, 66 L. Ed. 391; United States v. Field, 255 U. S. 257, 262, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461; Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211; Benziger v. United States, 192 U. S. 38, 55, 24 S. Ct. 189, 48 L. Ed. 331; Eidman v. Martinez, 184 U. S. 578, 583, 22 S. Ct. 515, 46 L. Ed. 697; Treat v. White, 181 U. S. 264, 267, 21 S. Ct. 611, 45 L. Ed. 853; American Net & Twine Co. v. Worthington, 141 U. S. 468, 474, 12 S. Ct. 55, 35 L. Ed. 821; Hartranft v. Wiegmann, 121 U. S. 609, 616, 7 S. Ct. 1240, 30 L. Ed. 1012; United States v. Isham, 17 Wall. (84 U. S.) 496, 504, 21 L. Ed. 728; Central R. Co. v. Duffy, 289 F. 354, 359 (3d C. C. A.); Merriam v. United States, 282 F. 851, 855 (2d C. C. A.); Rudolph v. Knox, 280 F. 1007, 1009, 52 App. D. C. 33; Dayton Brass Castings Co. v. Gilligan (C. C. A.) 277 F. 227, 229; Cartier v. Doyle (C. C. A.) 277 F. 150, 152; Rice v. United States, 53 F. 910, 4 C. C. A. 104 (this court); United States v. Wigglesworth, Fed. Cas. No. 16,690 (Justice Story); Powers v. Barney, Fed. Cas. No. 11,361 (Justice Nelson). The courts have been most liberal in construing the constitutional extent of the powers of taxation of the states. With the state practically all-powerful in its selection of the subjects of taxation and the amount of tax which shall be levied, the helplessness of the citizen demands, for his protection, that if the Legislature intends to tax him, it shall at least be required to say so, in clear and unmistakable terms. Therefore, the fact that this is a revenue producing statute, does not help appellants if the meaning of the statute is ambiguous.

## III.

[3, 4] Appellants urge that the interstate business should be construed as included in the statute because it would be inequitable to permit it to escape taxation when all other income is being taxed. We think there are two answers which must be given to this contention: First, it has been authoritatively decided that such equitable considerations have no place in the construction of a revenue statute when the effect thereof would be to include property of persons not clearly within the language of the act (Partington v. Attorney General, L. R. 4 H. L. 100, 122; 36 Cyc. 1189, and citations in note 77); second, if such considerations could be entertained, we think they would not apply here. Unquestionably the Legislature intended to tax all incomes which were earned from sources within the state and just as clearly it intended to tax none which was earned from sources wholly without the state. What it intended with those occupying the middle ground, being earned partially within and partially without the state, is the very matter under consideration and we know of no reason why it would be inequitable to tax incomes earned wholly within the state and not tax that part of incomes earned partly within and partly without the state.

## IV.

[5] It is true that the interpretation by executive departments of the government of acts committed to them for administration has weight in the construction of an act, but that rule of construction cannot operate to determine the meaning of a revenue statute to the extent of overriding the other rule of construction—i. e., that inclusion of a person or thing taxed must be clearly expressed.

## V.

[6] Our conclusion is that because this is a revenue statute and because it is not clear

that any part of the interstate business of these appellees was intended to be included in the statute, therefore, the statute should be construed as not including such and that the decree of the District Court should be and is

Affirmed.