CENTRAL TRUST COMPANY *et al., Executors v.* STATE TAX COMMISSIONER

(No. 8070)

Submitted January 15, 1935. Decided February 5, 1935.

*Brown, Jackson & Knight* and *Charles W. Moxley,* for appellants.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for appellee.

WOODS, JUDGE:

The executors of the estate of John R. Shanklin, deceased, complain of the action of the circuit court of Kanawha county in approving as correct in every respect the state tax commissioner's assessments against the transfer of the several bequests provided for in decedent's will.

Shanklin died on June 13, 1933, leaving an estate, after deductions on account of indebtedness, burial costs and administration expenses, of an appraised value of $71,227.03. According to such valuation the widow receives $17,388.20; the son $35,971.10; and the three grandchildren (children of the beneficiary son) $17,887.73, or $5,952.57 each. Against the foregoing the following assessments were made:

"3% of $4,776.40, bequest to Emma V. Shanklin, widow of the deceased, and representing a total bequest of the present value of $17,388.20 less an exemption of $12,611.80 .................................... $ 143.29

Bequest to John A. Shanklin, son of the deceased
  A. 3% of $21,741.20, proportionate allocation of the first $50,000.00.. $652.24
  B. 5% of $14,229.90, proportionate allocation of the excess of $50,-000.00 ............................................... 711.49   1,363.73

Bequest to John A. Shanklin, grandson of the deceased
  A. 3% of $3,623.53, proportionate allocation of the first $50,000.00.. 108.71
  B. 5% of $2,339.04, proportionate allocation of the excess of $50,-000.00 ..................................... ........... 116.95   225.66

Bequest to Lucille Ann Shanklin, granddaughter of deceased

A. 3% of $3,623.53, proportionate allocation of the first $50,000.00 . 108.71

B. 5% of $2,339.05, proportionate allocation of the excess of $50,-000.00............................... ... .... .......... 116.95 225.66

Bequest to Elizabeth G. Shanklin, granddaughter of the deceased

A. 3% of $3,623.53, proportionate allocation of the first $50,000.00 108.71

B. 5% of $2,339.05, proportionate allocation of the excess of $50,-000.00............. ........ ... .... ........ . .. 116.95 225.66

Total. ......... ................ ....... .........   $2,184.00''

It is insisted on behalf of the appellants that the tax commissioner erred in his computation in the following particulars: (1) in applying the graduated rates provided in the statute to the $71,227.03 (total bequests), instead of to the interest of each beneficiary, considered as a unit; and (2) in failing to make allowance for exemptions in accordance with appellants' construction of the statute.

A determination of appellants' first contention is dependent upon a construction of sections 2 and 3, article 11, chapter 11, Code 1931, as amended and re-enacted by chapter 36, Acts (First Extraordinary Session) 1933.

It is apparent that article 11, chapter 11, Code 1931, when considered in the light of previous legislation on the subject in this state, beginning with chapter 31, Acts 1887, imposed an excise upon the right or privilege of acquiring property by inheritance or succession from deceased persons or by transfers made by living persons in contemplation of death, to be measured by the amount of each separate legacy or distributive share. *Knowlton* v. *Moore,* 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969. The title to the Act of 1904, and every amendment thereto, prior to the adoption of the Code of 1931, with but one exception (Acts 1929), contain the following: "relating to taxes on collateral inheritances, devises, distributive shares and legacies." And, although the Act of 1929 stated in its title "relating to transfer of the estate of deceased persons," there was nothing in its body

purporting to change the type of the tax or the manner of its computation.

And that the amendatory act of 1933 does not purport to change the type of tax theretofore imposed is conclusively shown by an added section (section 28) wherein the legislature imposes an "estate tax", in addition to the "inheritance tax" (provided for in Code 1931, 11-11-1 to 27, inclusive), equal to the percentage of the federal estate tax allowed as credit. See 26 U. S. C. A. sec. 1093.

Sections 2 and 3, article 11, chapter 11, Code 1931, as amended by chapter 36, Acts (First Extraordinary Session) 1933, provide: "When the property * * * passes by any such transfer where the amount of the property *considered as a unit* shall exceed in value the exemption hereinafter specified, and shall not exceed in value fifty thousand dollars, the tax hereby imposed shall be; (a) Where the person or persons entitled to any beneficial interest in such property shall be the wife, * * * child, * * * or descendants of a living or deceased child per stirpes, * * * at the rate of three per cent of the market value of such interest in such property; * * *" (section 2); and "When the market value of any such property *considered as a unit* exceeds fifty thousand dollars, the rate of tax upon such excess shall be as follows: (a) Upon all in excess of fifty thousand dollars, up to and not exceeding one hundred fifty thousand dollars, the rate shall be as follows: Transfers to those persons in subdivision (a) of section two, five per cent * * *" (section 3). What is the effect of the insertion, by amendment of the words which we have italicized?

Although, as we have seen, the value of the property received had been one of the determining factors in the measurement of the amount of the tax under the law as it had obtained prior to the amendatory act of 1933, the commissioner, on the theory that "considered as a unit" has reference to the total estate to be distributed, proceeded to make an apportionment of the distributive shares of the son and each of the grandchildren on the basis of $71,229.03, and to make charges at three and five per cent as heretofore indicated. The method of apportionment, whatever it is, is of

the commissioner's own making. The statute makes no mention of an apportionment and provides no formula therefor, although all other processes are set forth in great detail. The liability of the personal representative for the tax (Code 1931, 11-11-9) adds no weight to the commissioner's position, since "the person to whom the property is transferred" is likewise made liable. May not, as suggested by the appellants, the words "considered as a unit" have been inserted for the purpose of clearing up whether or not property refers to the total of all transfers (see section 1) to one beneficiary? Paragraph "(b)" (which is new) of section 4, chapter 36, Acts (First Extraordinary Session) 1933 supports this theory. It provides: "No transfer of less than one hundred dollars shall be taxable under this article. For this purpose all transfers from a decedent to the same transferee shall be *treated as a unit.*" It therefore seems clear, especially in view of the benign rule that such statutes are, in every case of doubt, to be considered most strongly against the government and in favor of the taxpayer, that the latter construction must be adopted. *Rice* v. *U. S.*, 53 Fed. 910, and cases there cited. The distributive share of each beneficiary being less than $50,000 comes within the three per centum rate.

We now come to the matter of exemptions. Section 4 of article 11, chapter 11, Code 1931, as amended by chapter 36, Acts (First Extraordinary Session) 1933, provides, among other things:

"(c) Property transferred to a widow of a deceased person shall be allowed exemptions from taxes under this article as follows: (1) Transfers not in excess of fifteen thousand dollars shall be entirely exempt; (2) Transfers in excess of fifteen thousand dollars up to and not exceeding twenty-five thousand dollars shall have an exemption determined by subtracting from fifteen thousand dollars, the difference between fifteen thousand dollars and the amount of the transfer; (3) There shall be no exemption in the case of a transfer in excess of twenty-five thousand dollars.

(d) Property transferred to any person within the classes described in subdivision (a) of section

two other than a wife shall be allowed exemption from taxes under this article as follows: (1) Transfers not in excess of five thousand dollars shall be entirely exempt; (2) Transfers in excess of five thousand dollars up to and not exceeding ten thousand dollars shall have an exemption determined by subtracting from five thousand dollars, the difference between five thousand dollars and the amount of the transfer; (3) Transfers in excess of ten thousand dollars shall be allowed no exemption.

The descendants of any child, referred to in subdivision (a) of section two shall be allowed the exemption of the person they represent per stirpes and not per capita. * * *''

The commissioner, as appears from his assessment, takes the position that paragraphs ''(c)'' and ''(d)'', quoted above, each classify legacies or distributive shares into three groups—the amount of the particular share determining the exemption, if any, to which the beneficiary is entitled. The appellants, however, contend that by the plain terms of the statute a transfer not exceeding $15,000 to a widow is entirely exempt from tax; that this applies to any amount up to and including $15,000 and is not affected by the fact that the widow may receive property falling in the second class or above $15,000, or even in the third class or above $25,000; and that whether or not transfers falling in the second class between $15,000 and $25,000 are entitled to an exemption in a given case is determined by applying the formula set out in the statute. They would figure the widow's exemption in the instant case, as follows: ''The first $15,000 is entirely exempt, leaving $2,388.20 falling within the second class. Applying the statutory formula to this we subtract from $15,000 the difference between $15,000 and the amount of this transfer of $2,388.20 and find that this transfer in the second class is entitled to an exemption of $12,611.80 and hence is not taxable because the amount of the exemption exceeds the amount of the transfer.'' In other words, that no part of the property transferred to the widow is taxable. We cannot subscribe to such construction. We are of opinion that the statute does not give the whole exemption of $15,000 when

the transfer exceeds that amount, but reduces the exemption proportionately to the amount of the excess transfer.

Our construction of paragraph "(c)" with reference to the widow's exemption, applies with equal force to paragraph "(d)". The legacy or distributive share of the son, as well as those of the grandchildren (considered as a group by virtue of section 2[a]), being above $10,000, come within the class receiving no exemption. And in this respect the tax commissioner was correct.

But, say the appellants, such construction renders the act unconstitutional; that such a classification amounts to an arbitrary and unreasonable discrimination between beneficiaries of the same class.

It must be remembered that the constitutional provision that citizens shall not be denied "equal protection of the laws" does not mean exact equality of taxation. Since the power is vested in the state to select and classify objects of taxation, the exercise of such power must necessarily be more or less arbitrary. The human mind has never yet been able to devise a scheme of taxation which operates with perfect equality. The Federal constitutional inhibition "only requires the same means and methods to be applied impartially to all the constituents of a class so that the law shall operate equally and uniformly upon all persons in similar circumstances." *Kentucky Railroad Tax Cases,* 115 U. S. 321, 6 S. Ct. 57, 29 L. Ed. 414.

The state has the right to provide for exemptions, and to classify them; and especially is this true in respect to transfers of estates of decedents, as here. *Stebbins* v. *Riley,* 268 U. S. 137, 45 S. Ct. 424, 69 L. Ed. 884; *Knowlton* v. *Moore, supra,* p. 55 of 178 U. S. The legislature has seen fit to graduate the same on the amount of the distributive share. This we believe to be reasonable.

The decree of the circuit court of Kanawha county must be reversed, and the court directed to enter an order requiring the tax commissioner to correct his assessment by making a straight three per centum charge against the distributive

shares of the son and three grandchildren. In all other respects the decree is affirmed.

*Affirmed in part; reversed in part;*
*remanded with directions.*