In the Matter of the Estate of WILLIAM L. HARKNESS, Deceased.

Surrogate's Court, New York County, June 17, 1927.

*Murray, Aldrich & Roberts* [*Harrison Tweed* and *John H. Guilshan* of counsel], for the appellant.

*Charles A. Curtin* [*Charles A. Curtin* and *A. Wells Stump* of counsel], for the State Tax Commission.

FOLEY, S. This is an appeal by the widow of the decedent individually and as executrix and trustee of the estate from the order assessing the transfer tax on the ground that the Federal estate tax has not been allowed by the appraiser as a deduction. The decedent died a resident of this State on the 10th day of May, 1919. The *pro forma* order assessing the transfer tax upon the report of the appraiser was made on March 30, 1922, and from this order the appeal was taken. By consent of the parties the appeal was marked " reserved generally." On motion of the attorneys for the appellant, the appeal was restored to the calendar on May 20, 1927. On that date the attorneys for the appellant for the first time urged the point that there should be deducted from the gross estate the amount of inheritance taxes paid to foreign States on account of stock of corporations organized in those States which was the property of the decedent. The appeal is denied. The Federal estate tax should not be allowed as a deduction from the gross estate in determining the amount of the State transfer tax. (*Matter of Carnegie,* 203 App. Div. 91; affd., 236 N. Y. 517; *Matter of Bierstadt,* 178 App. Div. 836; *Matter of Sherman,* 179 id. 497; affd., 222 N. Y. 540.)

The point raised that the amount of inheritance taxes paid to foreign States should be deducted from the gross estate, pursuant to *Frick* v. *Pennsylvania* (268 U. S. 473), cannot be considered by me on this appeal. Section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476), entitled "Appeal and other proceedings," provides that, upon an appeal to the surrogate from the order assessing the transfer tax, the written notice of appeal " shall state the grounds upon which the appeal is taken." Where the statute requires the grounds of appeal to be stated, none except those specified can be considered. The most recent authority upon the question is that of the First Department in *Matter of Fletcher* (219 App. Div. 5, 16)

which held that the " surrogate could decide no more than the question specifically presented by the notice of appeal," and that he was " without jurisdiction to change the provisions of the original *pro forma* order as to matters not raised by the appeal "— citing *Matter of Davis* (149 N. Y. 539); *Matter of Manning* (169 id. 449). *Matter of Westurn* (152 id. 93), cited by the attorneys for the appellant, has no application, as in that case new facts arose after the notice of appeal was filed, and the court held that the statute should be construed " so as to permit the raising upon an appeal, of a question which did not enter into the original determination, and which was first made known after the appeal had been taken." The proper procedure is for the appellants to apply by motion for a modification of the *pro forma* order assessing the transfer tax. (*Matter of Putnam*, 220 App. Div. 34; *Matter of Scrimgeour*, 80 id. 388; affd., 175 N. Y. 507; *Matter of Silliman*, 79 App. Div. 98; affd., 175 N. Y. 513; *Coogan* v. *Morgan*, 27 Misc. 563; affd., 45 App. Div. 628; affd., 162 N. Y. 613; Chrystie Inheritance Taxation, 878.)

The order fixing tax is affirmed.