CENTRAL TRUST COMPANY, *Executor, v.* ERNEST K. JAMES, *State Tax Commissioner*

(CC 596)

Submitted October 19, 1938. Decided November 22, 1938.

*Charles W. Moxley,* for plaintiff.

*Clarence W. Meadows,* Attorney General, and *Forrest B. Poling,* Assistant Attorney General, for defendant.

*Charles N. Kimball* and *W. J. Brennan,* amici curiae.

MAXWELL, PRESIDENT:

This case involves the question whether, in determining the amount of inheritance tax under the applicable statute of this state, there may be deduction of the amount of the federal estate tax which has been paid on the same property.

The estate involved is that of Anna Perry Caperton

and was appraised at $217,407.25. The federal estate tax, laid under Act of Congress of 1926, U. S. C. A., Title 26, Section 410, was $14,720.65. This was paid by the executor.

The inheritance tax due from the Caperton estate to the State of West Virginia under its statute has been paid, except the sum of $441.65. This item constitutes the amount of tax under the applicable rates on a sum equal to that paid to the federal government as above stated. The Tax Commissioner takes the position that the amount paid to the federal government may not be deducted from the gross estate before laying the inheritance tax. The executor claims right to the deduction.

From an order of the Tax Commissioner assessing the Caperton estate with the claimed balance of $441.65, the executor appealed to the circuit court of Kanawha County under Code, 11-11-21, and filed in that court a petition fully disclosing the situation as hereinabove recited. The circuit court overruled the Tax Commissioner's demurrer to the petition, and certified its action to this court for review.

The federal estate tax is a tax upon the right to transmit property by will or under intestacy laws, and is gauged by the value of the whole estate, less deductions authorized by the federal statute. *New York Trust Co.* v. *Eisner,* 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963; *In re Inman's Estate,* 101 Ore. 182, 199 Pac. 615, 16 A. L. R. 675.

The West Virginia inheritance tax "is an excise upon the right or privilege of acquiring property by inheritance or succession from deceased persons or by transfers made by living persons in contemplation of death * * * ." *Central Trust Co.* v. *Tax Commissioner,* 116 W. Va. 37, 178 S. E. 520, 521.

The difference between these taxes, federal and state, respectively, is clear and emphatic; the one is on the right to transmit and the other on the right to receive.

The rate of the West Virginia inheritance tax varies in respect of both the relationship of the recipient and

the market value of the property involved. Code, 11-11-2 and 3. In Section 5 of the same article there is this provision: "The market value of property is its actual market value after deducting debts and encumbrances for which the same is liable, and to the payment of which it shall actually be subjected."

The Tax Commissioner urges that the quoted deduction is not inclusive of the federal estate tax because (1) the federal tax is not specifically mentioned as an item of deduction, and (2) the federal estate tax was not passed until many years after the enactment of the stated deduction provision, and therefore it could not have been within legislative contemplation that federal estate taxes were included in the deductions authorized in general terms by the Act. We are unable to approve the Tax Commissioner's position.

The quoted statute respecting deductions of "debts and encumbrances" is broad and inclusive. The language is of ample breadth to include claims and liens of whatever character and whenever arising, whether under existent law or future enactments. Where an authorization of deduction, such as the one before us, is of sufficient breadth to include all proper charges it would be vain to require particularization.

In a few of the states it has been held that the federal estate tax may not be deducted in determining the base for the application of the inheritance tax imposed by state law. Consult: *In re Harkness' Estate,* 134 Misc. 203, 234 N. Y. S. 297; *In re Sanford's Estate,* 188 Iowa, 833, 175 N. W. 506; *Succession of Gheens,* 148 La. 1017, 88 So. 253, 16 A. L. R. 685; *In re Fish's Estate,* 219 Mich. 369, 189 N. W. 177; *Hazard* v. *Bliss,* 43 R. I. 431, 113 Atl. 469, *In re Week's Estate,* 169 Wis. 316, 172 N. W. 732.

In a much larger group of states the courts have held that the deduction may be made. Consider: *In re Rosing's Estate,* 337 Mo. 544, 85 S. W. (2d) 495; *Simmons* v. *South Carolina Tax Commission,* 134 S. C. 261, 132 S. E. 37; *Bank of Commerce & Trust Co.* v. *McLemore,* 162 Tenn. 137, 35 S. W. (2d) 31; *Cabot* v. *Comr. of Corpn. &*

*Taxation,* 267 Mass. 338, 166 N. E. 852, 64 A. L. R. 1277; *In re Russell's Estate,* 104 N. J. Eq. 578, 146 Atl. 361; *People* v. *McCormick,* 327 Ill. 547, 158 N. E. 861; *People* v. *Bemis,* 68 Colo. 48, 189 Pac. 32; *Corbin* v. *Townshend,* 92 Conn. 501, 103 Atl. 647; *State* v. *Bank,* 71 Ind. App. 467, 125 N. E. 200; *Jones* v. *Bowman,* 118 Kan. 343, 234 Pac. 953; *Bingham's Admr.* v. *Commonwealth,* 196 Ky. 318, 244 S. W. 781; *State* v. *Probate Court,* 139 Minn. 210, 166 N. W. 125; *Williams* v. *State,* 81 N. H. 341, 125 Atl. 661, 39 A. L. R. 490; *Tax Commission* v. *Lamprecht,* 107 Ohio 535, 140 N. E. 333, 31 A. L. R. 985; *In re Inman's Estate, supra; In re Knight's Estate,* 261 Pa. 537, 104 Atl. 765; *In re Young's Estate,* 33 Wyo. 317, 239 Pac. 286; *In re Miller's Estate,* 184 Cal. 674, 195 Pac. 413, 16 A. L. R. 694; *Wittwer* v. *Pemberton,* 188 Wash. 72, 61 Pac. (2d) 993.

Our conclusion of the matter is in conformity with the holdings of the latter group. In enacting the West Virginia inheritance tax statute the legislature obviously had in mind placing an excise on property received by inheritance, bequest, devise, or gift in anticipation of death. The statute clearly manifests the legislative intent not to impose a tax on any portion of property not received. This appears from the fact of the authorized deduction of "debts and encumbrances." The federal estate tax binds property the same as a deed of trust, and reduces the corpus of the estate as effectually as does the lien of a trust. Each effectively diminishes the amount which passes to the recipient. They are encumbrances of like potency. It would seem illogical to hold that the broad language of the legislature sanctions the deduction of one and not of the other.

For these reasons we are of opinion that the trial court could not properly have done otherwise than overrule the tax commissioner's demurrer to the executor's petition for appeal. We affirm the court's action.

*Affirmed.*