The Northern Trust Company, as Executor and Trustee of Last Will and Testament and Codicils thereto of Frank D. Wilson, Deceased, Plaintiff-Appellee, v. Donald D. Wilson et al., Defendants-Appellees, Gertrude E. Wilson, Defendant-Appellant, Donald D. Wilson and Isabel Russell Wilson, Defendants-Separate Appellants, Irving S. Berman, as Guardian ad litem, Appellee and Cross-Appellant.

Gen. No. 45,352.

Opinion filed October 24, 1951. Rehearing denied November 13, 1951.
Released for publication November 21, 1951.

ECKHART, KLEIN, McSWAIN & CAMPBELL, of Chicago,
for appellant; PERCY B. ECKHART, WILLIAM A. Mc-
SWAIN, JOHN NEAL CAMPBELL, and M. A. PALUMBO, all
of Chicago, of counsel.

IRVING S. BERMAN, of Chicago, *pro se.*

SALINGER, KOHN & PALEY, of Chicago, for appellees;
HENRY L. KOHN, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the
court.

Frank D. Wilson died on June 25, 1948, leaving him
surviving his widow, Gertrude E. Wilson, and a son,
Donald D. Wilson, his only heirs. His will and codicils
were admitted to probate, and plaintiff, The Northern
Trust Company, was appointed executor. The will
made specific provisions for the widow. She deter-
mined to renounce the provisions of the will and
claimed her statutory share of the estate in accordance
with section 16 of the Probate Act (ch. 3, par. 168,
Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 110.264].
The executor brought this action for construction of

the will and instructions as to the distribution of the estate, occasioned by said renunciation.

Upon a hearing of the complaint and answers, a decree was entered which provided that upon the renunciation the widow took one-third of decedent's estate after deduction of the federal estate tax; and that neither the plaintiff nor the defendant Gertrude E. Wilson has any right to contribution or reimbursement on account of said federal estate taxes, except as to life insurance proceeds specifically referred to in said decree.

The widow appeals from that portion of the decree which compels her to take her share after deduction of the federal estate tax. The guardian appeals from that portion of the decree which finds the widow's share is not dependent upon the estate having real estate.

The only question arising on the appeal of the widow is whether, under the Internal Revenue Act of 1948 and under section 16 of the Probate Act, she is compelled to take her statutory share after deduction of the federal estate tax, or whether she is entitled to her statutory share before any such deduction. This precise question apparently has not been decided by the courts of this State. The able presentation of this question by both sides, in which the cases from other jurisdictions and the analogy of some of the cases in this State were discussed, has been very helpful to this court.

██ Except for section 16 of the Probate Act, the widow would have no right of renunciation. That section provides:

"When a will is renounced by the testator's surviving spouse in the manner provided in Section 17 hereof, whether or not the will contains any provision for the benefit of the surviving spouse, the surviving spouse is

entitled to the following share of the testator's estate *after payment of all just claims*:

"(a) if the testator leaves a descendant, one-third of the personal estate and one-third of each parcel of real estate of which the testator died seized and in which the surviving spouse does not perfect his right to dower in the manner provided in Section 19 hereof. . . ." (Italics ours.)

By her renunciation she can take no more than the above section permits. It is there expressly provided that she is entitled to such share "after payment of all just claims." The principal contention centers around the quoted language. Does the term "just claims" include federal estate tax levied against the estate?

The federal estate tax is governed by sections 810, 811 and 812 of the Internal Revenue Code of 1948. Section 812 of the Revenue Code allows a marital deduction consisting of the interest of the surviving spouse in the estate, whether it be by will, dower, or statutory interest in lieu thereof, in the instant case it being under section 16 of the Probate Act. Such deduction from the gross value of the estate enters into the computation of the net value of the estate subject to federal estate tax.

 We think there are several compelling reasons why the widow must take her statutory share after the deduction of the proper federal estate tax. Section 202, paragraph 354 [Ill. Rev. Stat. 1949, ch. 3; Jones Ill. Stats. Ann. 110.451] of the Probate Act provides for the classification of claims against the decedent's estate. The first class is funeral expenses and expenses of administration; third class, debts due the United States Government; seventh, all other debts and demands. As already noted in section 16 of the Probate

Act, upon renunciation she takes after payment of all just claims. The widow contends that "just claims," referred to in section 16, necessarily means claims the decedent created before his death and not those which result from the administration of the estate. We think this is too restricted an interpretation placed upon the statute. Certainly, funeral expenses result after the death of the decedent, and do not exist at the time of death, yet the statute classifies such expenses as a claim against the estate.

In *People v. Pasfield,* 284 Ill. 450, the county court deducted from the gross estate, for the purpose of determining the state inheritance tax, the amount found to be due for federal estate tax. In passing upon the correctness of the ruling of the county court, the Supreme Court said (p. 453):

"If the Federal estate tax paid by the executor is to be properly considered as a debt or an expense of administration of the estate, there can be no question but that the deduction of that tax was properly made by the county court."

At p. 454, the court said:

"The Federal act of September 8, 1916, levies a duty against the value of the entire mass of the decedent's property, real or personal, tangible or intangible, wherever situated, after deducting for funeral expenses, administration expenses, claims against the estate and the other deductions mentioned in said act, and makes the same a lien against the property in whosesoever's hands the same may pass by transfer or otherwise. As the duty is made payable by the executor or administrator to the collector or deputy collector by the express provisions of the statute, the duty is an expense or a charge against the estate of the decedent and not an express charge against the shares of the legatees or distributees of the decedent. . . . The

Federal Estate Tax act of September 8, 1916, necessarily operated to lessen by the amount of such tax, the clear value of the beneficial interest which passed to the heirs and legatees in the instant case and prevented their receiving any part of that tax, and the ruling of the county court that the same should be deducted before computing the State tax was correct.''

In *People v. McCormick,* 327 Ill. 547, at p. 561, the court said:

''In *People v. Pasfield,* 284 Ill. 450, and *People v. Northern Trust Co.,* 289 id. 475, this court considered the question whether the Federal estate tax should be deducted before computing the State tax, and it was there held that the Federal tax was an expense of administration and should be deducted as such before computing the State tax.''

In *Riggs v. Del Drago,* 317 U. S. 95, the court had occasion to determine whether the New York Decedent Estate statute was unconstitutional because in conflict with the Federal Estate Tax Act, since the former made provision for apportioning among the distributees or beneficiaries of the estate the burden of the federal estate tax. The court held that the New York Act was not unconstitutional and said (p. 97):

''We are of opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; accordingly, § 124 is not in conflict with the federal estate tax law. This conclusion is based upon the provisions of the Revenue Act of 1916, 39 Stat. 756, and subsequent acts, their legislative history and their administrative interpretation.''

Illinois has no statute authorizing apportioning the federal estate tax among the beneficiaries in the estate.

513

In the absence of such a statute and in view of the construction we place upon section 16, the cases cited from other jurisdictions involving apportionment do not apply, and the right of the executor in the instant case for contribution is to the extent provided for in the decree.

In the instant case, by reason of the marital deduction allowed by the Revenue Act of 1948, the tax against the estate would necessarily be diminished, but whatever the tax may be, under the holdings of the cases cited the widow takes her share subject to the tax.

In *First Nat. Bank of Chicago v. Hart,* 383 Ill. 489, 497, the court said:

"It is sufficient to observe, however, that this State has no provision in its laws relating to the incidence of the burden of Federal estate tax and it must therefore fall directly upon the *corpus* of the estate and be considered *an item of expense, such as debts, funeral expenses, and the like.* The fact that inheritance taxes are allowed as a credit on Federal estate taxes, does not alter the situation with respect to the nature and effect of the two taxes. In the absence of statutory enactment directing otherwise, the Federal tax must be considered as a charge against the whole of the estate and not against the individual shares, (*Riggs v. Del Drago,* 317 U. S. 95,) unless otherwise specifically directed by the testator." (Italics ours.)

It will be observed that the court treated the federal estate tax as an "item of expense, such as debts, funeral expenses, and the like." Counsel for the widow argues that the statement quoted must be considered *obiter dictum,* because it was not necessary for the court to so declare, since that particular question was not before the court. In this connection it may be well to bear in mind what our Supreme Court said on the subject of *dictum* in *Scovill Mfg. Co. v. Cassidy,* 275 Ill. 462, at p. 470:

"We do not think the rule laid down in this last case upon the question here involved was *dictum,* but even if it was, *it was the expression of opinion upon a point in a case deliberately passed upon by the court.* . . ." (Italics ours.)

Since the federal estate tax is to be considered as an item of expense, such as debts, funeral expenses, and the like, it comes within the classification of claims under section 202, and therefore, it necessarily follows that the widow's share under section 16 of the Probate Act is subject to the "payment of all just claims."

 We think there is no merit in the appeal of the guardian based upon his contention that the renunciation by the widow relegates her to the provisions of the dower act, which deals with real estate, and since there is no real estate in the instant estate, she has no claim. We think her right to share, under the circumstances, is governed by section 16.

The decree of the superior court is correct and is affirmed.

*Affirmed.*

KILEY, P. J. and LEWE J., concur.