R. C. PITTS, Individually and as Director of Internal Revenue, Appellant,

v.

Catherine P. HAMRICK and Wylie L. Hamrick, as Administrators of the Estate of Lyman A. Hamrick, deceased, Appellees.

No. 7049.

United States Court of Appeals
Fourth Circuit.
Argued Oct. 14, 1955.
Decided Dec. 30, 1955.

487

Joseph F. Goetten, Atty., Dept. of Justice, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., Joseph E. Hines, U. S. Atty., and W. A. Bull, Asst. U. S. Atty., Greenville, S. C., on the brief), for appellant.

T. Sam Means, Jr., and J. Davis Kerr, Spartanburg, S. C., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in an estate tax case involving the computation of the marital deduction allowed by the Revenue Act of 1948, 26 U.S.C. § 812(e). The estate involved is that of Lyman A. Hamrick, a resident of Cherokee County, South Carolina, who died intestate in the year 1950, leaving a widow and two children and an estate of $1,139,335.15. The probate court of Cherokee County, South

Carolina, a court of record having jurisdiction of the estate and its distribution, entered a decree in the year 1951 for the distribution of the estate, holding among other things that the widow was entitled to receive her share of the estate undiminished by any portion of the federal estate tax. The administrators made return and paid the estate tax in accordance with this holding. The Commissioner of Internal Revenue held that this was erroneous and that the marital deduction should have been diminished by the amount of the estate tax which he contended was attributable to the widow's share of the estate. This resulted in a deficiency assessment of $26,220.91 with interest against the administrators, who paid it to the Director and brought suit for its recovery. The District Judge allowed the recovery, holding that under the applicable law the federal estate tax should not have been deducted from the estate of the widow in computing the marital deduction and also that the decree of the probate court of Cherokee County was binding on all parties as to the share of the estate which the widow was entitled to receive under state law. From judgment in accordance with this holding the United States has appealed.

We look, of course, to the federal statutes to determine what deductions are to be allowed from the federal estate tax and, where the widow's interest in the estate is allowed as a marital deduction, we look to the law of the state for the purpose of determining the amount of that interest. As said in Morgan v. Com'r of Internal Revenue, 309 U.S. 78, 80, 626, 60 S.Ct. 424, 426, 84 L.Ed. 585, 1035: "State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." The federal statutes here applicable are 26 U.S.C. § 812(e) (1) (A) and (E) which are as follows:

"§ 812. Net estate

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \*

"(e) [as added by Section 361, Revenue Act of 1948, c. 168, 62 Stat. 110] Bequests, etc. to surviving spouse

"(1) Allowance of marital deduction

"(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

\* \* \* \* \*

"(E) Valuation of interest passing to surviving spouse. In determining for the purposes of subparagraph (A) the value of any interest in property passing to the surviving spouse for which a deduction is allowed by this subsection—

"(i) there shall be taken into account the effect which a tax imposed by this chapter, or any estate, succession, legacy, or inheritance tax, has upon the net value to the surviving spouse of such interest; \* \* \*."

The interest in the estate of a deceased person in South Carolina passing to his widow in case of intestacy is governed by the South Carolina Code, the applicable provision of which, as brought forward in the Code of 1952, § 19–52, is as follows:

"§ 19–52. Distribution of property in case of intestacy.

"When any person shall die without disposing of the same by will his estate, real and personal, shall be distributed in the following manner:

"(1) If the intestate shall leave a widow and more than one child the widow shall take one-third of the estate and the remaining two-thirds shall be divided equally among the children; but if the intestate shall leave a widow and only one child then the widow shall take one-half

of the estate and the child shall take the remaining one-half of such estate."

The question here is whether the one-third of the estate belonging to the widow after deduction of debts and expenses of administration, but without deduction of any portion of the federal estate tax, should be taken as a deduction under the statute, or whether the share of the widow to be deducted should first be diminished by a portion of the federal estate tax. It is argued in behalf of the United States that under the South Carolina statute the widow takes only a residuary interest in the estate, that in determining such residuary interest all debts of the estate must first be deducted, including the federal estate tax, and that the burden of the estate tax is, therefore, cast upon the entire estate including the share of the widow. It is argued that this must be taken into account in valuing the widow's share of the estate for purposes of deduction under the provisions of 812(e) (1) (E) (i) of the statute above quoted. This position finds support in the administrative interpretation placed upon the act in states which have no apportionment statute and also in the decisions of the courts in a number of those states. See Wachovia Bank & Trust Co. v. Green, 236 N.C. 654, 73 S.E.2d 879; Northern Trust Co. v. Wilson, 344 Ill.App. 508, 101 N.E.2d 604; In re Will of Uihlein, 264 Wis. 362, 59 N.W.2d 641, 38 A.L.R.2d 961; Moorman v. Moorman, 340 Mich. 636, 66 N.W. 2d 248.

■ It is conceded, however, that a state may apportion the estate tax as it sees fit among the beneficiaries of the estate, Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, and that by such apportionment it may exempt the share of the widow. There is no reason why the apportionment may not be made by the courts of the state in application of what they conceive to be the requirements of state law in the premises as well as by its legislature. Such was the decision of the courts of Kentucky and Ohio, in apportioning the estate tax so

as to relieve the share of the widow from the payment of any part thereof. Lincoln Bank & Trust Co. v. Huber, Ky., 240 S.W.2d 89; Miller v. Hammond, 156 Ohio St. 475, 104 N.E.2d 9, 18. In the case last cited, which is practically on all fours with the case at bar, the Supreme Court of Ohio said:

"The executors argue that since Ohio has not adopted a statute providing for the apportionment of federal estate taxes, the Probate Court has no authority to do so. It should be observed that the apportionment statute adopted by various states usually extend their operation to the division of the federal estate tax not only between those who take by intestate succession but between specific legatees and the general residuary legatees. Such statutes are contrary to the implication that federal estate taxes are to be paid by the residuary estate resulting from the failure of the testator to direct a division of the estate taxes. The power to make apportionment in such cases has been exercised by the courts before the adoption of apportionment statutes. See Gaede v. Carroll, 114 N.J.Eq. 524, 169 A. 172. However the absence of such a statute in Ohio does not deprive the Probate Court of authority to make such apportionment as to intestate estates.

\* \* \* \* \* \*

"It is our conclusion that, under the provisions of Section 10503–4, General Code, the widow upon her election became entitled to a one-third interest 'to any personal property, or to any real estate or inheritance in this state, \* \* \* except as otherwise provided by law'; that the provisions of Sections 10509–121, 10509–181 and 10509–182, General Code, contain no requirement that such widow pay from her share of the estate any federal taxes not directly assessed by reason of her inheritance; and that the Probate Court, in the exercise of its equity

power conferred upon the court by Section 10501–53, General Code, in the distribution of intestate property should award such widow her statutory share of such estate with only such deduction of federal estate taxes which directly result from the passing of her portion of the estate."

■■ Upon very similar reasoning, the Probate Court of Cherokee County held, in the absence of an apportionment statute, that the share of the widow here should not be required to bear any portion of the estate tax. While the Supreme Court of the state has not passed upon the matter, the decision of the probate court is based upon reason and may fairly be accepted as evidencing the law of the state. Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that that share may be relieved of the burden of the estate tax, as Congress intended,[1] it would be unfair and unjust to require her share to bear any portion of that tax; and we find nothing in the law of South Carolina which requires such a result or which would prevent the court from applying equitable principles of apportionment to relieve the share of the widow of this unfair and unjust burden. That the South Carolina courts apply equitable principles in cases involving the incidence of the federal estate tax, see Carolina Life Ins. Co. v. Arrowsmith, 174 S.C. 161, 176 S.E. 728, 733, where the Supreme Court of South Carolina held that federal estate tax based on insurance policies payable to the widow and mother of decedent should be paid by them and not by the estate. In that case the Supreme Court approved the following language of the trial judge:

"The amount of taxes which was paid by the administratrix was computed on the amount of life insurance payable to Mrs. Arrowsmith, the widow of the deceased, and Mrs. Arrowsmith, the mother of the deceased. It is inconceivable to me that this estate should be made to bear the expense of this inheritance or estate tax, since it is computed solely upon the insurance payable to beneficiaries. I have, therefore, concluded to disallow this payment."

It is inconceivable here that any part of the estate tax should be attributed to the share of the widow, where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the burden of that tax and where the estate receives the benefit of the deduction because of that interest.

■ Whatever be the general law of South Carolina with respect to the matter, however, the decision of the probate court, which has not been appealed from, has settled the law, so far as this estate is concerned, and has vested in the widow her one-third free and clear of federal estate taxes. There is no showing that it was entered as a result of collusion or fraud or in a non adversary proceeding. Its effect was not merely to free the widow's share of responsibility for estate tax but to direct that this tax be paid from other shares. In other words, it fixed the amount of the widow's share of the estate; and whether this was done erroneously or in accordance with law, the amount of her share has been fixed thereby and the shares of other distributees have been decreased accordingly. As the amount which the widow will thus receive does not exceed one-half of the

---

1. The marital deduction provision was inserted in the Revenue Act of 1948, along with the income splitting provision for married couples filing a joint return, to equalize tax advantages in common law and community property states. Its purpose was to permit a surviving spouse to take a portion of the deceased spouse's estate free of the burden of federal estate taxes. See Senate Report No. 1013, 80th Cong. 2d Sess. U. S. Congressional Service 2d Sess. vol. 2, pp. 1163 et seq. In re Peters' Will, 204 Misc. 333, 88 N.Y.S.2d 142, affirmed 275 App.Div. 950, 89 N.Y.S.2d 651; Miller v. Hammond, 156 Ohio St. 475, 104 N.E.2d 9; Campbell v. Lloyd, Ohio App., 117 N.E.2d 45; Lincoln Bank & Trust Co. v. Huber, Ky., 240 S.W.2d 89.

adjusted gross estate, and as she receives it under the law of the state by decree of one of its courts, the estate is entitled to deduct it in computing the federal estate tax. Action of the probate court, even if erroneous, is valid unless reversed. Anderson v. Bowers, 4 Cir., 170 F.2d 676, 678. In the case cited this court, speaking through Judge Soper, said:

"Section 230 of the South Carolina Code provides that any person interested in any final order of a probate court may appeal therefrom to the Circuit Court of the County at the session next after the appeal, and that the grounds of appeal shall be filed in the Probate Court and served upon the adverse party in fifteen days after the notice of the decision. No appeal was taken in this case and the approval of the administration account seemingly became final. The matter was one undoubtedly within the jurisdiction of the Probate Court and we find nothing in the statutes or decisions of South Carolina which runs counter to the general rule that in the United States the tribunals entrusted with jurisdiction over estates of deceased persons are clothed with the powers and dignities of courts and their judgments are as binding and conclusive as those of other courts, and cannot be opened or revised without statutory authority except in equity for mistake or fraud or by appeal. 3 Woerner, American Law of Administration, §§ 507, 570."

Directly in point is the decision of the Supreme Court in Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 312, 78 L.Ed. 634, wherein the court held that a decree of a state court, having jurisdiction of a trust, making determinations as to deductions for depreciation and requiring restitution of distributions made on the strength thereof, was binding with respect to tax questions relating thereto. The court said:

"Moreover, the decision of that court, until reversed or overruled, establishes the law of California respecting distribution of the trust estate. It is none the less a declaration of the law of the state because not based on a statute, or earlier decisions. The rights of the beneficiaries are property rights and the court has adjudicated them. What the law as announced by that court adjudges distributable is, we think, to be so considered in applying section 219 of the Revenue Act of 1921."

See also C. I. R. v. Blair, 7 Cir., 83 F. 2d 655; Blair v. C. I. R., 300 U.S. 5, 10, 57 S.Ct. 330, 81 L.Ed. 465; Goodwin's Estate v. C. I. R., 6 Cir., 201 F.2d 576; Gallagher v. Smith, 3 Cir., 223 F.2d 218; Brodrick v. Moore, 10 Cir., 226 F.2d 105. The case of Wolfsen v. Smyth, 9 Cir., 223 F.2d 111, relied upon by counsel for the United States, is not to the contrary but deals with the allowance of a claim against an estate by one of the distributees in a non adversary proceeding in the light of Treasury Regulation 105, section 81.30, relating to the effect of a court decree on the amount of a claim or administration expense.

It is not questioned that a will of the intestate making the provision made by the decree of the Cherokee County court would have relieved the share of the widow from any liability for the federal estate tax. It is difficult to see on what principle a decree of a probate court having charge of the estate should be given less effect.

For the reasons stated, the judgment of the court below will be affirmed.

Affirmed.