THE GUARANTY NATIONAL BANK, *Etc.,*
COMMITTE FOR PEARL BARRICK STEELE

*v.*

W. T. MITCHELL, *et al., Executors, Etc.*

(No. 11011)

Submitted September 22, 1959. Decided December 8, 1959.

*Parsons, Baker & Tyson, W. E. Parsons, E. V. Parsons,* for appellant.

*F. Paul Chambers, Jackson, Kelly, Holt & O'Farrell, Claude A. Joyce, W. Guy Wilson, J. C. Calhoun,* for appellees.

GIVEN, PRESIDENT:

There is involved on this appeal, from the Circuit Court of Logan County, a single issue, whether a widow who has renounced a will, pursuant to provisions of Code, 42-3-1, is entitled to receive her distributive share of the personal estate of the decedent free of the assessment or burden of the federal estate tax imposed by Section 2001, Title 26 U.S.C., which, insofar as material, reads: "A tax computed in accordance with the following table is hereby imposed on the transfer of the taxable estate, determined as provided in section 2051, of every decedent, citizen or resident of the United States dying after the date of enactment of this title". The circuit court decreed that the widow "is entitled to receive, upon distribution of said estate, one-third ($\frac{1}{3}$) of the surplus assets thereof after payment of all debts, taxes, administrative expenses, funeral expenses and Federal Estate Taxes and less the State Inheritance Taxes due on or respecting said distributive share of Pearl Barrick Steele in the Estate of L. E. Steele, deceased". We are of the opinion that the issue was correctly resolved by the circuit court.

Plaintiff, committee of the widow, contends that applicable sections of the federal statute, Title 26 U.S.C., Sections 2056 et seq., relating to deductions from the gross estate, establish an intention of the Congress to relieve a widow of the impact or thrust of the tax, in an effort to equalize the burden of the tax as between citizens of a state wherein the "community property" principle is applied, and citizens of those states not recognizing that principle, and that the circuit court erred in holding that the widow's distributive share in the personal estate should be determined after deducting from the gross estate the federal estate tax, in holding that the statutes of the State of West Virginia governed the distribution of the estate, and in not applying the rule of equitable apportionment.

In *Riggs* v. *Del Drago*, 317 U. S. 95, 63 S. Ct. 109, 87 L. ed. 106, the Court said: "We are of opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax * * * In the Act of 1916 Congress turned from the previous century's inheritance tax upon the receipt of property by survivors (see *Knowlton* v. *Moore*, 178 U. S. 41; *Scholey* v. *Rew*, 23 Wall. 331) to an estate tax upon the transmission of a statutory 'net estate' by a decedent. That act directed payment by the executor in the first instance, §207, but provided also for payment in the event that he failed to pay, §208. It did not undertake in any manner to specify who was to bear the burden of the tax. Its legislative history indicates clearly that Congress did not contemplate that the Government would be interested in the distribution of the estate after the tax was paid, and that Congress intended that state law should determine the ultimate thrust of the tax". See *Harrison, Collector* v. *Northern Trust Co.*, 317 U. S. 476, 63 S. Ct. 361, 87 L. ed. 407; *Young Men's Christian Association* v. *Davis*, 264 U. S. 47, 44 S. Ct. 291, 68 L. ed. 558; *Morgan* v. *Commissioner of Internal Revenue*, 309 U. S. 78, 60 S. Ct. 424, 84 L. ed.

585. These and many other cases make it clear that the federal estate tax imposed is a tax on the right to transfer property, not a tax on the right to receive property, and that the question of the thrust or impact of the tax is a question of state law, and is computed according to the law of the individual state.

In *Central Trust Company, Executor* v. *James, State Tax Commissioner*, 120 W. Va. 611, 199 S. E. 881, we held: "In determining the base for the application of the inheritance tax rates under Article Eleven of Chapter Eleven of the Code of West Virginia there should be deducted, *inter alia*, from the value of the property involved, the amount of the transmission tax, sometimes called estate tax, levied and collected by the federal government." In the opinion the Court points out that federal estate tax "is on the right to transmit" property, not the right to receive property, and states that "In a few of the states it has been held that the federal estate tax may not be deducted in determining the base for the application of the inheritance tax imposed by state law * * * [citing cases]. In a much larger group of states the courts have held that the deduction may be made * * * [citing cases]. Our conclusion of the matter is in conformity with the holdings of the latter group. "

In *Cuppett* v. *Neilly*, 143 W. Va. 845, 105 S. E. 2d 548, we held: "14. The general rule is that in the absence of a state statute or a testamentary direction to the contrary, the ultimate burden of an estate tax falls on the residuary estate if the residuary estate is sufficient for the payment of the tax." In the opinion the Court said: "The federal estate tax is a tax on the right to transmit property by will or under intestacy laws and is gauged by the value of the whole estate, less deductions authorized by federal statute. Kanawha Banking and Trust Company v. Alderson, 129 W. Va. 510, 40 S. E. 2d 881; Central Trust Company v. James, 120 W. Va. 611, 199 S. E. 881. It is a tax on the right to transfer property but not on the right to receive property. Wilmington Trust Company v. Copeland, 33 Del. Ch. 399, 94 A. 2d

703. The federal estate tax is a charge against the estate of the decedent and is payable out of the estate as a whole. In re Poe's Estate, 356 Mo. 276, 201 S. W. 2d 441; Rogan v. Taylor, 9 Cir., 136 F. 2d 598. It is imposed upon the transfer of the entire net estate of the decedent and not upon any particular legacy, devise or distributive share, and is payable primarily by the executor of the estate before distribution." With very few exceptions, founded principally on statutes having different meanings, see *Lincoln Bank and Trust Co.* v. *Huber* (Ky.), 240 S. W. 2d 89, courts of other states are in accord. See *Campbell, Exr.* v. *Lloyd,* 162 Ohio St. 203, 122 N. E. 2d 695, certiorari denied, 349 U. S. 911, 75 S. Ct. 600, 99 L. ed. 1246; *Wachovia Bank & Trust Co.* v. *Green,* 236 N. C. 654, 73 S. E. 2d 879; *First National Bank of Chicago* v. *Hart,* 383 Ill. 489, 50 N.E. 2d 461; *Bemis* v. *Converse,* 246 Mass. 131, 140 N. E. 686; *Turner* v. *Cole,* 118 N. J. Eq. 497, 179 A. 113; *Weinberg* v. *Safe Deposit & Trust Co.,* 198 Md. 539, 85 A. 2d 50, 37 A.L.R. 2d 188; *Amoskeag Trust Co.* v. *Trustees of Dartmouth College,* 89 N. H. 471, 200 A. 786; *Corbin* v. *Townshend,* 92 Conn. 501, 103 A. 647; *Moorman* v. *Moorman,* 340 Mich. 636, 66 N. W. 2d 248; *In Re Uihlein's Will,* 264 Wis. 362, 59 N. W. 2d 641, 38 A.L.R. 2d 961; *Gelin* v. *Gelin,* 229 Minn. 516, 40 N. W. 2d 342. The principle has been applied where, as in the instant case, a widow renounces a will. *Campbell, Exr.* v. *Lloyd, supra; Wachovia Bank & Trust Co.* v. *Green, supra; Weinberg* v. *Safe Deposit & Trust Co., supra; Northern Trust Co.* v. *Wilson,* 344 Ill. App. 508, 101 N. E. 2d 604.

It is contended by appellant that the federal estate taxes are not "debts" within the meaning of applicable state statutes. The spouse having renounced the will pursuant to provisions of Code, 42-3-1, is entitled to one third of the personal estate, "after payment of funeral expenses, charges of administration and debts", Code, 42-2-1. The commissioner of accounts to whom an estate is referred for settlement may authorize payment of "debts due the United States, debts due the State of West Virginia, and taxes, in advance of the determination of

other claims". Code, 44-2-14. Though the word "debt" may be given a different meaning in different context, insofar as here material, we think its application was correctly circumscribed by this Court in *Central Trust Company, Executor* v. *James, State Tax Commissioner, supra,* in this language: "The quoted statute respecting deductions of 'debts and encumbrances' is broad and inclusive. The language is of ample breadth to include claims and liens of whatever character and whenever arising, whether under existent law or future enactments. Where an authorization of deduction, such as the one before us, is of sufficient breadth to include all proper charges it would be vain to require particularization." It may be noticed that the statute, after authorizing the payment "of debts due the United States", and "debts" due the state, also authorizes the payment of "taxes" without any restriction as to the type of tax, or how assessed, "in advance of the determination of other claims". Whether, however, the federal estate tax be considered a "debt", a "claim", or an "administrative expense", the result is the same. It must, under the authorities cited, be deducted from the whole personal estate of inheritance, before computation of the distributive share of the widow, since no state statute requires a different result. Chapter 6, 1959 Acts of the Legislature, Michie's 1959 Supplement to the West Virginia Code, Chapter 44, Article 2, Section 16a, was not in effect at the time of the death of the testator. See *Baylor* v. *National Bank of Commerce,* 194 Va. 1, 72 S. E. 2d 282.

The judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*