In The Matter of The Estate of Marie S. Aul, *deceased,* Wheeling Dollar Savings & Trust Company, *Executor, etc.*

*v.*

Charles H. Haden, II, *successor to Clifford G. Lantz, State Tax Commissioner, etc.*

(No. 12927)

Submitted September 8, 1970.     Decided October 20, 1970.

*Chauncey H. Browning, Jr.,* Attorney General, *James H. Coleman,* Assistant Attorney General, for appellant.

*Schmidt, Laas, Schrader & Miller, Henry S. Schrader, Frederick P. Stamp, Jr.,* for appellee.

BERRY, JUDGE:

This is an appeal by the State Tax Commissioner of West Virginia, from a judgment of the Circuit Court of Ohio County of May 1, 1969, in which a deduction partially disallowed by the Tax Commissioner was reinstated to full value by the Circuit Court in a case involving the value of deduction to be allowed on the state inheritance tax return for estate taxes paid to the federal government where the government allowed bonds, which were appraised by West Virginia appraisers at market value and which were later placed on the federal return at their higher par value, to be used at the higher amount in the payment of the federal government taxes. An appeal from the judgment of the Circuit Court was granted by this Court on February 9, 1970, and was submitted for decision on arguments and briefs at the September 1970, Regular Term of this Court.

The case originated by a proceeding brought by the executor of the estate of Marie S. Aul, Wheeling Dollar Savings & Trust Company, the appellee, against Clifford G. Lantz, State Tax Commissioner of West Virginia to reverse an assessment made by the Tax Commissioner for a higher tax than that computed by the executor. Charles H. Haden II, had become tax commissioner by the time this case was presented to this Court and he is also made a defendant.

The facts in this case are undisputed and are quite simple. Marie S. Aul, a resident of Wheeling, West Virginia, died testate September 8, 1967. Among her assets in the estate which totaled about one million dollars were United States treasury bonds totaling $76,000 at par or face value. However, since these bonds were not due for redemption for several years, they were selling on the New York bond market at a discounted price which totaled $64,383.13, amounting to $11,-616.87 less than the par or face value.

Under certain federal government regulations various bonds and other obligations of the United States government may be used in an estate at par or face value to be applied on the federal estate tax if they are owned by the decedent

at the time of death; and under the regulations governing such bonds and the decisions of the federal courts the personal representative, if he desires to use them in that manner, must include them on the federal tax return at the par or face value plus accrued interest.

The bonds in the instant case were surrendered to the federal government for redemption at a figure of $77,238.43 which included accrued interest. The executor in preparing the state inheritance tax return listed the bonds thereon at the market value which was also the value of the bonds placed in the original appraisement of the estate filed in Ohio County of which a copy was sent to the State Tax Commissioner. This resulted in the bonds being valued on the state return at $11,616.87 less than they were valued on the federal return. The State Tax Commissioner upon ascertaining this fact reduced the credit for the federal estate tax paid by the amount of this difference in value. This resulted in an increase of inheritance tax which the State Tax Commissioner claims was due in the amount of $602.14. The actual deficiency assessment on the entire estate was about two and one-half times that amount, but the remainder was due to a recomputation of age factors in connection with various life estates, and the extra amount of almost $1,100 was concurred in by the executor of the estate and is not involved in the case presented here. The only matter involved in this proceeding is the increase of the inheritance tax caused by the State Tax Commissioner eliminating part of the deduction granted for the payment of the federal estate tax.

It is the contention of the executor that what the Commissioner, in fact, did in the assessment relating to the bonds was not to reduce the deduction for the amount of tax paid by the bonds in connection with the federal estate tax but instead he in effect raised the value of the bonds used to pay the federal estate tax from market value to par or face value on the state inheritance tax return. The Tax Commissioner contends that the effect of not using the bonds at the greater value on the state inheritance tax return allowed the beneficiaries to get the advantage of over $11,000 more property as that amount would have had to come from other assets if the

bonds had not been redeemed at par value. It is also the contention of the Tax Commissioner that if the bonds had been listed on the inheritance tax return at par value then he could have allowed the full deduction allowed for the bonds in payment of the federal estate tax, and that the true market value is what the executor was able to obtain for the bonds and not what they would have brought on the New York market. It appears to be the Tax Commissioner's contention that the executor sold the bonds for $76,000 and that the government bought them for that amount, that there was no compulsion with regard to the disposition of the bonds in the payment of the federal estate tax.

The federal estate tax and the state inheritance tax are different type of taxes. The federal estate tax is a tax on the right to transmit property by will or under intestacy laws, and is based on the value of the whole estate less certain deductions. The West Virginia inheritance tax is a tax on the right to receive property from the estates of decedents. The federal tax is a tax on the entire estate and the state inheritance tax is a tax on the beneficiary in proportion to the amount of the estate received. 42 AM. JUR. 2d, *Inheritance, Etc., Taxes,* § 248; *Central Trust Co. v. James,* 120 W.Va. 611, 199 S.E. 881; *Guaranty National Bank v. Mitchell,* 144 W.Va. 828, 111 S.E.2d 494.

The question as to whether or not the federal estate tax can be deducted in connection with the state inheritance tax has been decided by this Court in the case of *Central Trust Co. v. James, supra,* in which it was held in the syllabus of that case that: "In determining the base for the application of the inheritance tax rates under Article Eleven of Chapter Eleven of the Code of West Virginia there should be deducted, *inter alia,* from the value of the property involved, the amount of the transmission tax, sometimes called estate tax, levied and collected by the federal government." This principle was followed and approved by the case of *Guaranty National Bank v. Mitchell, supra.* Therefore, under the decisions of this Court it would be improper for the State Tax Commissioner not to allow the full amount of the federal estate tax paid to the

federal government represented by the par value of the bonds in question involved in this case.

For the purpose of listing property in the appraisement and inventory of the estate of a deceased person it should be listed at the actual or market value. Code, 44-1-14, as amended, and Code, 11-11-17. The law is clear as to market value. It is the price at which a seller who is willing to sell and a buyer who is willing to buy consummate a sale when neither is under compulsion. *Franklin v. Pence,* 128 W.Va. 353, 36 S.E.2d 505.

For the purpose of the West Virginia inheritance tax law, "The market value of property is its actual market value after deducting debts and encumbrances for which the same is liable and to the payment of which it shall actually be subjected." Code, 11-11-5, as amended. The executor is required to file an inventory with the State Tax Commissioner listing all of such property of the estate and showing it at its "* * * full, true and actual cash value thereof, * * *." Code, 11-11-17. The beneficiaries did not receive the government bonds used to pay the federal estate tax. The executor used these bonds and received credit by the government for the par value in payment of the estate tax. The fact that the United States government accepted the bonds in question and credited the executor with the payment of the estate tax at the par value of the bonds does not change the value of the property received by the beneficiaries. The assessment of additional tax by the State Tax Commissioner upon the difference of the market value and the par value of the bonds in question imposes a tax upon property not received by the beneficiaries. Such a tax is based on artificial value rather than the property itself.

It is the contention of the Tax Commissioner that the market value of the bonds in question is what the government allowed in the payment of the federal estate tax because they were sold to the government. This is not true, as indicated above, because the market value is the price the bonds would bring on the New York bond market, that is, if they were bought by a willing buyer from a willing seller. The executor in the case at bar disposed of the bonds under compulsion of

either getting the par value in payment of the estate tax or being subjected to an action of waste by the beneficiary. However, the only method in which the Tax Commissioner could have the value of the bonds increased on the appraisement required to be filed under Code, 44-1-14, as amended, and in the inventory provided in Code, 11-11-17 would be to appeal to the Circuit Court of Ohio County, and be governed by any value of the property of such estate as fixed by the Circuit Court of Ohio County. Code, 11-11-17. The valuation placed on property by the appraisers is prima facie evidence of value unless the State Tax Commissioner changes it by appeal to a circuit court. Code, 44-1-14, as amended, and Code, 11-11-17.

It would therefore appear that the Tax Commissioner could not under the law governing such a case reduce the amount of tax paid by the bonds in question for the federal estate tax as a deduction in connection with the inheritance tax and the statute prohibits him from increasing the valuation of the bonds listed at market value on the appraisement and return for inheritance tax purpose. It therefore appears that the Tax Commissioner was without authority to impose a deficiency assessment in the amount of $602.14 on the difference between the par value allowed by the federal government in payment of federal estate tax and the market value as listed on the appraisement and inheritance tax return.

The judgment of the Circuit Court of Ohio County is affirmed.

*Judgment affirmed.*