RICHARD L. DAILEY, *State Tax Commissioner*

*v.*

ROY B. ROLLINS, *et al.*

(No. 13235)

Submitted September 25, 1973. Decided November 13, 1973.

*Chauncey H. Browning, Jr.,* Attorney General, *Jack C. McClung,* Deputy Attorney General, *Guy R. Bucci, Gene W. Bailey,* Assistant Attorneys General, for appellant.

*Kay, Casto & Chaney, Robert H. C. Kay* for appellees.

CAPLAN, JUSTICE:

This is an appeal from a final order of the Circuit Court of Mason County in a proceeding challenging the accuracy of an appraisement of a certain tract of real estate approved by the county court of said county for inheritance and transfer tax purposes. By said order the circuit court dismissed the appeal of the then tax commissioner, Charles H. Haden, II, the effect of which was to declare final the appraisement approved by the county court. Richard L. Dailey, successor to Charles H. Haden, II, has been substituted in this appeal as appellant.

Ethel L. Shadle, formerly a resident of Mason County, West Virginia, died testate on December 11, 1970. A principal asset of her estate, the correctness of the appraisement of which for inheritance tax purposes gave rise to the proceeding below, is an 888 acre tract of land situate in Mason County.

The County Court of Mason County appointed defendants Henry A. Kay, Charles E. Kay and Grant Stanley as appraisers of the aforesaid Shadle Estate. An examination of the appraisement contained in the record discloses that in Item No. 1 thereof the appraised value of the subject 888 acre tract, designated as Kanawha Bottom & Hill, is $185,930.00. The assessed valuation thereof, as noted in said Item No. 1, is $131,150.00. This

appraisement was accepted by defendants Roy B. Rollins, Jr., Jean Shadle Sines and James Bitner Shadle, executors of said Shadle Estate. It was also accepted by defendant William H. Rardin, Commissioner of Accounts, and admitted to record by defendant L. W. Getty, Clerk of the County Court of Mason County. Defendants Clarence Adkins, Lawrence Gerlach, Jr. and Elvin E. Wedge are members of the County Court of Mason County which approved the subject appraisement by an order of said court dated August 7, 1971.

In his petition for appeal from the aforesaid order of the county court, the tax commissioner alleged that "The instant litigation arises from the actions of the appraisers in that the appraisal which was accepted and ordered filed and approved by the County Court did not in item number one of the appraisal form list the appraised valuation as listed in the Assessor's Office in the Land Books of Mason County but listed the valuation at a somewhat less amount." He further alleged that the appraisers failed to follow Code, 1931, 44-1-14, as amended, in performing the appraisal and did not list the subject property at its real and actual value.

In their joint and separate answer the executors of the subject estate and the appraisers thereof deny that the appraisement did not reflect the true and actual value of the 888 acre tract on December 11, 1970, the date of the death of Ethel L. Shadle. The appraisers say that they are residents of the immediate area of the Shadle farm and are knowledgeable of the value of real estate in that vicinity. They assert their belief that the plaintiff is proceeding under the provisions of Code, 1931, 58-3-1 and 4, as amended.

Upon submission of the case on the pleadings, wherein the plaintiff asked that the August 7, 1971 order of the county court be reviewed and reversed, the circuit court entered an order dated March 1, 1972, dismissing the petition for appeal. In the court's letter opinion, made a part of the record, it was stated that the petitioner had

endeavored to attack the order of the county court by matters not in the record; that the tax commissioner had appealed under the provisions of Code, 1931, 11-11-17 which provides "that the tax commissioner shall have the right of appeal to the circuit court of the county in which the estate is located", but that such code provision does not provide for the manner of appeal; that the appeal must be taken in accordance with the manner provided in Code, 1931, 58-3-1, *et seq.,* as amended, which permits consideration thereof only on the record of proceedings before the county court; and that the court, therefore, would not permit the introduction of evidence of value on that appeal.

The basic issue presented for resolution on this appeal is whether the court erred in holding that it could not, on the appeal from the order of the county court, hear additional evidence in relation to the value of the subject real estate.

It is the position of the tax commisisoner that, not having had an opportunity to present any evidence of value in the county court prior to its acceptance and approval of the appraisement of the Shadle Estate, he should be permitted to introduce evidence of value in his appeal from the county court's order to the circuit court. The appellant maintains that if such permission is not granted his right to appeal as specifically afforded in Code, 1931, 11-11-17, is rendered meaningless.

The appellees assert that this being an appeal from a county court to a circuit court, the procedure is governed by the provisions of Code, 1931, 58-3-1, *et seq.* as amended. Under these provisions of the Code, say the appellees, it is mandatory that the circuit court hear an appeal from an order of the county court on the original record of the proceedings before said county court unless the manner of appeal is otherwise specially provided. They aver that while Code, 1931, 11-11-17 provides an appeal by the tax commissioner the manner of such appeal is not designated. It is their ultimate

position, therefore, that the circuit court must consider the appeal on the original record only and cannot consider any additional evidence.

The record reveals that the proceeding before the County Court of Mason County consisted only of the appointment by said court of the three appraisers, their appraisement of the Shadle Estate and the acceptance and recordation of such appraisement by the county court. The tax commissioner had no opportunity whatever to be heard by or to present evidence to the county court prior to that tribunal's acceptance and recordation of the appraisement. In fact, until the appraisement is returned to the commissioner of accounts, who, after inspection, delivers one copy thereof to the county court and one copy to the tax commissioner, the tax commissioner is completely unaware of any matter concerning the estate. When he receives his copy of the appraisement it has already been recorded in the office of the clerk of the county court. Consequently, the appraised valuation of the property for inheritance and transfer tax purposes was determined solely by the appraisers. The tax commissioner remained unheard in his allegation that the property involved was not listed at its real and actual value.

We are concerned in this proceeding with the appraisement of an estate for inheritance and transfer tax purposes. The law pertaining to such tax is provided for in Chapter 11, Article 11 of our Code. Section 17 thereof, relating to the appraisement of estates for inheritance tax purposes, specifically allows the tax commissioner to appeal the appraisement received and accepted by a county court. This right to appeal to the circuit court is couched in the following language: "* * * that the tax commissioner shall have the right of appeal to the circuit court of the county in which the estate is located where an appraisement is made by the appraisers appointed by the county court of such county for such purposes, and the valuation of any such estate

*as fixed by the circuit court upon appeal* shall be the value upon which the tax commissioner shall assess the taxes under this article." (Emphasis supplied.) It is noteworthy that the circuit court, in its opinion, quoted only the first phrase of the above language, that is, that giving the bare right to appeal.

The Legislature, in clear and unequivocal language, has given the tax commissioner the right to appeal as to valuation "where an appraisement is made by the appraisers appointed by the county court." In the instant case the appraisement was made by such appraisers. Section 17 further provides that the tax commissioner shall assess the taxes under that article "as fixed by the circuit court upon appeal." In the instant case this was not done, the appeal merely being dismissed by the circuit court.

Where the right to appeal is specifically afforded by the Legislature in such language as that used in Code, 1931, 11-11-17, we are of the firm opinion that a meaningful appeal is intended. Without a meaningful appeal, one wherein the tax commissioner can be heard, such official would be wholly deprived of his right to his day in court. In the proceedings before the county court, no opportunity was provided the tax commissioner to object or otherwise be heard as to the accuracy of the appraisement tendered by the appraisers. Similarly, no such opportunity was afforded prior to the approval of the appraisement by the county court. As demonstrated by the procedure before the county court and the manner in which the appeal therefrom was handled by the circuit court, the valuation of the estate for inheritance tax purposes was determined solely by the three appraisers appointed by the county court. The failure to provide a meaningful appeal in the circuit court would permit abuse from which there could be no recourse. While no assertion of impropriety in the instant case is made or intended, in formulating guidelines for the procedure to be followed in this kind of case, such contingency must be considered.

Furthermore, in view of the procedures heretofore alluded to, unless the tax commissioner is afforded the opportunity to present evidence on the appeal specifically provided by statute, such appeal is rendered wholly fruitless and is totally without meaning. In view of the foregoing, to adopt the contention of the appellees that the tax commissioner cannot be heard on appeal, would necessitate our indulgence in a presumption that the Legislature passed a useless act. This we will not do.

An examination and consideration of the provisions of Code, 1931, 58-3-1, *et seq.*, as amended, and those of Code, 1931, 11-11-17, persuades us that the latter statute does provide a manner of appeal and that such appeal is not, therefore, controlled by the former statutes. Consequently, we are of the opinion that the circuit court should have permitted the tax commissioner to introduce evidence of value on the appeal from the county court and that his failure to do so constituted error.

In so holding we are not unmindful of the decision of this Court in *Walter Butler Building Company v. Soto,* 142 W.Va. 616, 97 S.E.2d 275. That case involved an appeal under the provisions of Code, 1931, 11-13-8, as amended, relating to the assessment of business and occupation taxes. The appeal allowed under that section is clearly distinguishable from the appeal allowed under Code, 1931, 11-11-17, the latter pertaining exclusively to inheritance and transfer taxes. The aforesaid Section 8 is designed to afford the taxpayer an appeal from a ruling of the tax commissioner to the circuit court. Section 17, on the other hand, permits the tax commissioner to appeal from an order of the county court which accepts the appraisement of the appraisers appointed by it. As to the province of the circuit court, Code, 1931, 11-13-8, as amended, reads: "The court shall hear the appeal and determine anew all questions submitted to it on appeal from the determination of the tax commissioner." In *Walter Butler* the court construed that section to mean that "the court on appeal is em-

powered to hear and determine only judicial questions which result from the determination of the State Tax Commissioner and that the court is not empowered to hear and determine administrative or other nonjudicial questions." This, we believe, precludes the consideration by the circuit court of additional evidence but requires such court to determine only judicial questions which result from the ruling of the tax commissioner. On the other hand, Code, 1931, 11-11-17, the pertinent part of which is hereinabove quoted, contemplates that the tax commissioner shall be heard on his appeal and shall be permitted to introduce evidence which he believes is pertinent in the determination of the valuation of the property for inheritance and transfer tax purposes. Otherwise, there would be no substance to the provision of the statute which provides that the valuation of the property shall be that "fixed by the circuit court upon appeal."

Perhaps the most significant distinction between the two is that in the statute relating to the appeal under the business and occupation tax provisions all parties have had the full opportunity to be heard and present evidence in their behalf while in relation to the inheritance tax provisions the tax commissioner has at no time been afforded an opportunity to be heard in the county court and, as aforesaid, the appraisement designated by the appraisers is a finality.

In *Estate of Aul v. Haden*, 154 W.Va. 484, 177 S.E.2d 142, a case relating to the valuation of property for inheritance tax purposes, the Court said in Syllabus 4: "The valuation placed on property of an estate by its appraisers is in West Virginia prima facie evidence of value, and the only method by which the State Tax Commissioner can have the value of any property of the decedent listed on the appraisement and inventory required to be filed under the provisions of Code, 44-1-14, as amended, and Code, 11-11-17, increased is to appeal to the circuit court of the appropriate county." This is

precisely what the tax commissioner did in the instant case pursuant to the authority granted in Code, 1931, 11-11-17.

For the reasons stated herein the judgment of the Circuit Court of Mason County is reversed and the case is remanded for further proceedings consistent with the principles enunciated in this opinion.

Justice Haden, deeming himself disqualified, did not participate in the decision of this case.

*Reversed and remanded with directions.*